**Ex parte Ruben TOVAR.**

No. 72,117.

Court of Criminal Appeals of Texas, En Banc.

June 21, 1995.

---

Ruben Tovar, Atty. pro se.

John Vance, Dist. Atty., Teresa Tolle, Asst. Dist. Atty., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MEYERS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Tex. Code Crim.Pro. Article 11.07. Applicant plead guilty to the offense of aggravated sexual assault. Punishment was assessed at forty five years imprisonment. No appeal was taken from this conviction.

Applicant now contends for the first time that his conviction is invalid because of a due process violation, specifically, that the trial court failed to admonish him pursuant to Tex.Code Crim.Pro. Article 26.13(a)(4).[1] This application accordingly presents the is-

sue of whether we will grant post-conviction habeas corpus relief for noncompliance with Art. 26.13(a)(4).

The purpose to be served by a post conviction writ of habeas corpus is limited, and "lies only to review jurisdictional defects or denials of fundamental or constitutional rights." *Ex parte Watson*, 601 S.W.2d 350 (Tex.Crim.App.1980). Failure to adhere to a legislative directive or mode of proceeding designed to safeguard a constitutional right will likewise be cognizable only when the omission results in the denial of a constitutional protection. *Ex parte Sadberry*, 864 S.W.2d 541 (Tex.Crim.App.1993).

On direct appeal, we have stated that where a trial court wholly fails to comply with the admonishments requirements of Art. 26.13(a)(4), a reversal of the defendant's conviction will follow, and that no harm must be shown as a predicate to reversal. *Morales v. State*, 872 S.W.2d 753, 754 (Tex.Crim. App.1994).

Similarly, in *Meek v. State*, 851 S.W.2d 868 (Tex.Crim.App.1993) this Court analyzed the effect of a defendant's failure to execute a written jury waiver before a bench trial was conducted. On direct appeal, we held that a conviction secured without a jury and without a written jury waiver under Tex.Code Crim. Pro. Article 1.13 was invalid, and no showing of harm was required. *Id.* However, the same cannot be said for cases raising the issue on post-conviction collateral attack. In *Ex parte Sadberry*, 864 S.W.2d 541 (Tex. Crim.App.1993), we considered the holding in *Meek* and its implication in a post-conviction habeas corpus application. Distinguishing *Meek*, we observed the requirement of written jury waivers was statutory by design and was enacted to regulate *how* the constitutional right to a jury trial is waived. Article 1.13 itself, and failure to comply thereto, did not involve "a question of constitutional dimension." In order to be entitled to post convic-

---

1. Article 26.13 governs the admonishments given a defendant before entering a plea of guilty and provides in pertinent part:

   (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

   . . . .

   (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

tion collateral relief the applicant must raise a question of constitutional magnitude, allege facts establishing the constitutional violation and, if appropriate, prove that he was harmed. We therefore held that no relief would be granted when defendant establishes that he did not sign the jury waiver but does not allege facts establishing that he was harmed, i.e., that the defendant did not intend to waive a jury trial, that the defendant was deprived of his constitutional right to trial by jury, or that the defendant otherwise suffered harm. *Accord, Ex parte Lyles,* 891 S.W.2d 960, 961–962 (Tex.Crim.App.1995) (granting relief in post-conviction habeas corpus application where no written jury waiver was filed and harm was established).

The same principles apply in this situation, in that a post-conviction habeas corpus application must allege facts which show both a cognizable irregularity and harm, and the applicant must prove the same if given an evidentiary hearing. This writ application does not present such a question of constitutional dimension; it involves an irregularity in the proceedings in the trial court. Neither the federal nor state constitution require that a defendant be informed of possible deportation. This requirement of Tex. Code Crim.Proc. Art. 26.13(a)(4) was a product of the Legislature to ensure that pleas of guilty or nolo contendere are knowingly and voluntarily entered. Applicant has not alleged that the lack of the admonishment of Art. 26.13(a)(4) affected his guilty plea to the extent that it was not knowingly and/or voluntarily made.

■ An applicant seeking relief from the failure to receive the admonishment required by Art. 26.13(a)(4) must establish that there was no admonishment given consistent with Art. 26.13(a)(4) or otherwise suggesting the possibility of deportation, *and* that the lack

of admonishment affected his decision to enter a plea of guilty.[2] *See Holland v. State,* 761 S.W.2d 307, 319 (Tex.Crim.App.1988) (waiver of constitutional right to jury trial must be voluntary, and must be made knowingly with sufficient awareness of the relevant circumstances and likely consequences); *and Shannon v. State,* 708 S.W.2d 850, 851 (Tex.Crim.App.1986); *citing, Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Applicant has not carried his burden in this regard. Indeed, the habeas judge entered findings of fact and conclusions of law that applicant's plea was voluntary.

Accordingly, all requested relief is denied.

OVERSTREET, J., concurs in the result.

CLINTON, Judge, dissenting.

In its haste to reduce the practically unmanageable volume of claims that presently may be brought by way of post-conviction habeas corpus under Article 11.07, V.A.C.C.P., the majority has overruled yet another of its past decisions without adequate justification. Rather than engage in this *ad hoc,* issue-by-issue guerrilla war against habeas applicants, the Court would do well to map out a general strategy of habeas cognizability. Otherwise innocent cases may be caught in the cross-fire, as I fear may have happened today.

In *Ex parte Cervantes,* 762 S.W.2d 577 (Tex.Cr.App.1988), this Court overturned a conviction in a unanimous per curiam opinion because the trial court had failed to admonish Cervantes, who pled guilty, that his plea could result in his deportation, as mandated by Article 26.13(a)(4), V.A.C.C.P. It is true that Cervantes faced imminent deportation. But we did not predicate our grant of relief on that fact, or on any other showing of actual harm. Instead, we held that "the

**2.** This holding is consistent with this Court's decision, *Ex parte Cervantes,* 762 S.W.2d 577 (Tex.Crim.App.1988), in which we considered a trial court's failure to admonish pursuant to Art. 26.13(a)(4) via post-conviction writ of habeas corpus and granted relief. A hearing was conducted, at which time applicant Cervantes established that he was not a United States citizen and that deportation proceedings were pending as a result of his conviction. The habeas court also

found that no reference to possible deportation was made, either in the written admonishments or in open court, at the time Cervantes entered his plea.

However, to the extent that *Cervantes,* and *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Crim.App. 1980), indicate that a failure to admonish pursuant to Art. 26.13(a)(4) automatically entitles one to post-conviction collateral relief without a showing of harm, they are overruled.

complete failure to comply with an admonishment required by the statute requires reversal." Moreover, we held that giving no admonishment regarding the chance of deportation amounted to a "complete" failure to admonish under the statute, and granted habeas corpus relief on authority of *Ex parte McAtee,* 599 S.W.2d 335 (Tex.Cr.App.1980). In that case we had described a complete failure to admonish under another provision of Article 26.13(a) as constituting "error of a fundamental nature."

By our reliance on *McAtee* in *Cervantes,* we indicated that our grant of relief was not based upon a showing he was in fact about to be deported. We overturned Cervantes' conviction simply because the admonishment was not given, such a failure amounting to fundamental error. Likewise, in *Morales v. State,* 872 S.W.2d 753 (Tex.Cr.App.1994), we upheld a lower court reversal of a conviction for failure to admonish the defendant under Article 26.13(a)(4), though the record in that case was silent as to whether he was in danger of deportation. Citing *McAtee,* we held that the defendant need not demonstrate harm. *Id.,* at 755.

Under our current regime of cognizability under Article 11.07, V.A.C.C.P., an issue is cognizable in post-conviction application for habeas corpus if it raises "jurisdictional defects ... or denials of fundamental or constitutional rights." *Ex parte Banks,* 769 S.W.2d 539, 540 (Tex.Cr.App.1989). The majority acknowledges as much, but denies relief anyway, even though this case is on all fours with *Ex parte Cervantes,* supra. In fact the majority finds it necessary, in a footnote, to overrule *Cervantes,* and *McAtee* to boot. But the majority never explains why the error we unanimously found to be fundamental in *Cervantes* no longer is.

The majority rejects applicant's claim on authority of our decision in *Ex parte Sadberry,* 864 S.W.2d 541 (Tex.Cr.App.1993). In *Sadberry* the Court denied relief to an applicant who complained only that the statutory requirement of Article 1.13, V.A.C.C.P., that a jury waiver be made in writing, was not satisfied in his case. In effect, the Court thus held that a bare claim of statutory violation is not cognizable in a writ. An applicant must plead further, either that he has been deprived of his constitutional right to a trial by jury, or that he has suffered some other unspecified harm, before he has established entitlement to relief on post-conviction habeas corpus. In order to reach that result the Court was obliged to overrule *Ex parte Felton,* 590 S.W.2d 471 (Tex.Cr.App.1979), a case in which we had sustained a habeas applicant's contention that failure to secure his jury waiver in writing pursuant to Article 1.13 rendered his conviction void. The Court never explained in *Sadberry,* however, why the violation of a statutory provision could never constitute fundamental error, *Ex parte Felton* notwithstanding. That is the reason I dissented in *Sadberry.* The Court makes the same mistake today.

I am sympathetic, of course, with the impulse to limit cognizability of claims in post-conviction habeas corpus. To that end I have advocated a scheme which "insist[s] that the State's legitimate interest in the finality of convictions ought to be the linchpin of cognizability analysis." *Ex parte Sadberry,* supra, at 544 (Clinton, J., dissenting). Accordingly I have proposed a view of habeas cognizability that would eliminate collateral review of many federal constitutional claims, entertaining only those claims sufficiently "exceptional" as to defeat the State's interest in the finality of convictions. E.g., *Ex parte Crispen,* 777 S.W.2d 103 (Tex.Cr.App.1989) (Clinton, J., concurring); *Ex parte Dutchover,* 779 S.W.2d 76 (Tex.Cr.App.1989) (Clinton, J., concurring); *Ex parte Goodman,* 816 S.W.2d 383 (Tex.Cr.App.1991) (Clinton, J., concurring). But finality remains the touchstone, and in that vein I later observed:

"[i]t is not just constitutional claims ... that may be of sufficient import as to defeat otherwise legitimate finality interests. In *Marin v. State,* 851 S.W.2d 275 (Tex.Cr.App.1993), we recognized that 'the system ... includes a number of requirements and prohibitions which are essentially independent of the litigants wishes.' *Id.,* at 279. Such 'absolute' or 'systemic' requirements may be creatures of statute alone, but they are nevertheless subject to neither forfeiture nor even express waiver, and at least in some cases they cannot be

subjected to harmless error review. *Id.*, at 280, 279 & 281–82, respectively."

*Ex parte Sadberry*, supra, at 545 (Clinton, J., dissenting). Post-conviction habeas corpus ought to be an available remedy for violation of such systemic requirements, statutory though they may be.

In characterizing the lack of an admonishment under Article 26.13(a)(4) as "fundamental" error, *Morales* and *Ex parte Cervantes* constitute pronouncements by this Court that such an admonishment is one of those "requirements ... which are essentially independent of the litigants wishes." A requirement "so important to the Legislature as thus to transcend the ordinary course of our adversarial system ought to be regarded as subject to vindication by way of post-conviction habeas corpus." *Ex parte Sadberry*, supra, at 546 (Clinton, J., dissenting). Before the Court takes the radical step to overrule *Cervantes*—and effectively to impugn the rationale of *Morales* too, albeit *sub silentio*—it would do well to explain why the requirement of Article 26.13(a)(4) is *not* of sufficient import to defeat the State's otherwise compelling interest in the finality of convictions.

Because the majority does not, I respectfully dissent.