IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-41,454-02, WR-41,454-03, AND WR-41,454-04






EX PARTE HECTOR JAVIER GONZALEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 63791, 60496, AND 46700 IN THE 168TH DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of sexual assault and sentenced to twenty (20) years' imprisonment on each count. He did not appeal
his convictions. 

 Applicant contends inter alia that his pleas were involuntary because trial court failed to
admonish him about the deportation consequences of his pleas as required by Article 26.13(a)(4) of
the Texas Code of Criminal Procedure. Applicant alleges that if he had been properly admonished,
he would not have pleaded guilty, but would have insisted on going to trial. Applicant alleges that
he found out about the deportation consequences of his pleas in 1998 when he received a letter from
the Immigration and Nationalization Service (INS) informing him that he will be deported to Mexico
after he finished serving his sentences. Applicant filed these applications in 1998, soon after he
received the letter from the INS. Applicant also alleges inter alia that counsel was ineffective
because: (1) he failed to advise Applicant about the deportation consequences of these guilty pleas;
and, (2) he advised Applicant that he would get a life sentence unless he pleaded guilty. Applicant
has alleged facts that, if true, might entitle him to relief. Ex parte Tovar, 901 S.W.2d 484 (Tex.
Crim. App. 1995); Ex parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall forward a
copy of the trial court's written admonishments and a copy of the transcription of the court reporter's
notes from the plea hearings to this Court. The trial court shall also order trial counsel to file an
affidavit addressing: (1) whether counsel advised Applicant about the deportation consequences of
these pleas; and, (2) whether counsel advised Applicant that he would get a life sentence unless he
pleaded guilty. In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his pleas were involuntary. Specifically, the trial judge shall make findings of fact as to
whether Applicant was admonished as to the deportation consequences of his pleas and, if not,
whether Applicant would have pleaded guilty but for said admonishment. The trial judge shall also
make findings of fact as to whether counsel advised Applicant of the deportation consequences of
these pleas and as to whether counsel advised Applicant that he would be facing a life sentence
unless he pleaded guilty. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas
corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: May 21, 2008

Do not publish