IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,780-01






EX PARTE FRANCISCO ACOSTA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 52246-243-1 IN THE 243RD DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of a
controlled substance and sentenced to twenty-five years' imprisonment. He did not appeal his
conviction.

 Applicant contends that his plea was involuntary because he was not advised by counsel or
admonished by the trial court of the deportation consequences of his plea. We remanded this
application to the trial court for findings of fact and conclusions of law.

 The trial court entered findings that Applicant had not proven that he was not a United States
citizen and that he had not proven that his plea was involuntary. The trial court recommended
denying relief. However, the current record shows that Applicant was a citizen of Mexico when he
pleaded guilty. The record further shows that Applicant was not admonished of the deportation
consequences of his plea before he was convicted. Finally, the record shows that Applicant was
deported, in part as a result of this conviction.

 Applicant alleged that he would not have pleaded guilty if he had been aware of the
possibility of deportation. This factual allegation, if true, would entitle him to relief. Applicant is
entitled to an opportunity, by way of a live evidentiary hearing, to prove his claim that his plea was
involuntary. Ex parte Tovar, 901 S.W.2d 484 (Tex. Crim. App. 1995).

 The trial court shall hold a live hearing in order to provide Applicant with an opportunity to
prove his claim. The trial court shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 Following the live hearing, the trial court shall make findings of fact and conclusions of law. 
The trial court shall make findings as to whether Applicant's plea of guilty was involuntary. The
trial court shall make a finding as to whether Applicant would have pleaded guilty if he had been
aware of the possibility of deportation. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. The trial court shall supplement the
habeas record with copies of all documents upon which its findings are based. A supplemental
transcript containing all affidavits and interrogatories and the transcription of the court reporter's
notes from any hearings or depositions, along with the trial court's supplemental findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: October 8, 2008

Do not publish