IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-41,454-02, WR-41,454-03, AND WR-41,454-04






EX PARTE HECTOR JAVIER GONZALEZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 63791, 60496, AND 46700 IN THE 168TH DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts
of sexual assault and sentenced to twenty (20) years' imprisonment on each count. He did not appeal
his convictions. 

 Applicant contends inter alia that his pleas were involuntary because trial court failed to
admonish him as to deportation consequences of his pleas as required by Article 26.13(a)(4) of the
Texas Code of Criminal Procedure and that the failure to admonish him violated his due process
rights. Applicant alleges that if he had been properly admonished, he would not have pleaded guilty,
but would have insisted on going to trial. Applicant alleges that he found out about the deportation
consequences of his pleas in 1998 when he received a letter informing him that he will be deported
to Mexico after he finished serving his sentences. The record showed that Applicant filed these
applications in 1998, soon after he received the aforementioned letter. 

 On May 21, 2008, this Court remanded these applications to the trial court for further fact
findings as Applicant had alleged facts that, if true, might entitle him to relief. Ex parte Tovar, 901
S.W.2d 484 (Tex. Crim. App. 1995). Applicant should have been admonished as to the deportation
consequences of his pleas before he pleaded guilty in 1986 and in 1992. In response to this Court's
order, the trial judge supplemented the record with information showing that the attorney who
represented Applicant in 1986 was not available to file an affidavit and that the plea hearing
transcript from 1986 could not be located. The trial judge also supplemented the record with an
affidavit from the attorney who represented Applicant in 1992, and a transcription of the court
reporter's notes from the plea hearing in 1992. This evidence did not clarify whether Applicant was
admonished as to the deportation consequences of his pleas before he pleaded guilty. The trial judge
entered supplemental findings of fact and conclusions of law recommending that habeas relief be
denied because of the lack of evidence in the record. However, we believe that further fact gathering
is necessary. 

 As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact. We find that a live hearing is necessary in this
case so that the trial court can observe Applicant's demeanor in making its determination as to
whether Applicant's testimony is credible. The trial court shall determine if Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 At the hearing, the parties may present live testimony or affidavits in lieu of live testimony. 
The trial judge shall obtain the following information from the General Counsel's Office of the
Texas Department of Criminal Justice: (1) whether Applicant's TDCJ record shows that any
deportation holds or detainers have been lodged against the Applicant and, if so, shall set forth the
details of such detainers; and, (2) whether Applicant's TDCJ record contains any information as to
where Applicant will be transferred after he finished serving his sentences and, if so, shall set forth
the information. The trial judge shall obtain the following information from Ward L. Koehler, who
presided over the 1986 plea hearing: (1) whether he admonished Applicant as to the deportation
consequences of his plea in 1986; and, (2) whether it was his standard practice to always give
deportation admonishments before he accepted guilty pleas in 1986. The following information shall
be obtained from Rod Ponton, who is currently a county attorney in Presidio county: (1) whether
he represented Applicant at the plea hearing in 1986, and, if so, whether Applicant was admonished
as to the deportation consequences before he entered his plea; and, (2) whether he believes
Applicant's plea was freely and voluntarily entered.

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his pleas were involuntary. Specifically, the trial judge shall make findings of fact as to
whether Applicant was admonished as to the deportation consequences of his pleas and, if not,
whether Applicant would have pleaded guilty, but for the failure to admonish him as to the
deportation consequences. The trial judge shall also make findings of fact as to whether Applicant's
TDCJ record shows that any deportation detainers have been lodged against him. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: October 29, 2008

Do not publish