COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-392-CR

 

 

EX PARTE
THAI LIEU

 

                                              ------------

 

           FROM THE 297TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Thai Lieu appeals the trial court=s denial
of relief requested in his application for writ of habeas corpus.  We affirm.








Pursuant to a plea bargain agreement, appellant
pleaded guilty and judicially confessed to the state jail felony offense of
theft of an automobile valued at $1,500.00 or more but less than $20,000.00.[2]  The trial court accepted the plea bargain,
deferred an adjudication of guilt, and placed appellant on two years=
community supervision.  Appellant did not
appeal.  After the term had expired, the
trial court discharged appellant from community supervision.

Later, appellant filed an application for writ of
habeas corpus, asking the trial court to dismiss his Aconviction.@[3]  After considering the application, the State=s
response, and affidavits from appellant and appellant=s
attorneys, the trial court denied relief. 
Appellant now appeals.

A person who has completed a term of deferred
adjudication probation may attack the validity of the order of probation by
applying for a writ of habeas corpus from the trial court.[4]  The writ issues by operation of law.[5]  In determining whether to grant relief, the
trial court may order affidavits, depositions, or a hearing and may rely on the
trial judge=s personal recollection.[6]  The trial court=s ruling
on the application for the writ is appealable.[7]








We review a trial court=s
decision to grant or deny habeas relief under an abuse of discretion standard.[8]  In reviewing the trial court=s
decision, we review the record in the light most favorable to the trial court=s
ruling.[9]  We pay almost total deference to the trial
court=s
determination of historical facts that are supported by the record, especially
when the trial court=s fact findings are based on an
evaluation of credibility and demeanor.[10]  This deferential review applies even when Ano
witnesses testify and all of the evidence is submitted in written affidavits.@[11]  In a habeas proceeding, the applicant has the
burden of proving that an error contributed to his conviction or punishment.[12]








In six grounds for relief, appellant contends
that (1) his attorney improperly withdrew from the case and failed to transfer
it to juvenile court, (2) his plea was involuntary because he was not informed
that it could lead to his deportation, (3) he was denied effective assistance
of counsel, (4) his plea was unlawfully induced, (5) his attorneys coerced him
to judicially confess and plead guilty, and (6) his attorneys failed to
investigate and assert a valid defense to the charges.

In his first ground for relief, appellant claims
that his first attorney, Kevin Kelley, was ineffective because he did not file
a motion to withdraw and did not move to transfer appellant to juvenile
court.  In its response, the State argues
that appellant failed to demonstrate how he was harmed by Kelley=s not
filing a motion to withdraw and that appellant, who was seventeen at the time
of the offense, was ineligible to be transferred to juvenile court.  We agree.








To prevail in a habeas proceeding, an applicant
must show harm.[13]   That is, he must prove by a preponderance of
the evidence that the error contributed to his conviction or punishment.[14]  In his affidavit, appellant admitted that
Kelley told him that he no longer practiced criminal law and that he
transferred the case to another attorney, Ezekiel Tyson, Jr., whom appellant
immediately met in the lobby of Kelley=s
office.  Tyson=s
affidavit states that he met appellant Aseveral
times before his court date to discuss the issues in his case and his desired
outcome.@  It also stated that appellant instructed
Tyson that appellant Adid not want a trial and wanted
to get a deferred probation sentence.@  Tyson then negotiated a plea bargain with the
State, in which the State agreed to recommend deferred adjudication.  The trial court allowed Tyson to represent
appellant during the plea, admonished appellant, accepted the plea bargain, and
placed appellant on deferred adjudication. 
Appellant signed written plea admonishments that included the statement,
AI am
totally satisfied with representation given me by my counsel.@  The trial court did not abuse its discretion
by denying habeas relief based upon appellant=s claim
that his attorney did not file a motion to withdraw.

Nor did the trial court abuse its discretion in
denying relief based on appellant=s claim
that counsel should have transferred the case to juvenile court.  The juvenile court has jurisdiction over Aall
cases involving the delinquent conduct or conduct indicating a need for
supervision engaged [in] by a person who was a child . . . at the time the
person engaged in the conduct.@[15]  A child is a person who is

(A) ten years of age or older and under 17 years
of age; or








(B) seventeen years of
age or older and under 18 years of age who is alleged or found to have engaged
in delinquent conduct or conduct indicating a need for supervision as a result
of acts committed before becoming 17 years of age.[16]

 

Appellant admitted that he was seventeen at the
time of the offense.  Consequently, he
was outside the jurisdiction of the juvenile court.[17]

Because appellant has not shown harm by his first
attorney=s not
filing a motion to withdraw and because appellant was not eligible for transfer
to juvenile court, we overrule appellant=s first
ground for relief.

In his second ground, appellant claims that his
plea was involuntary because he was not advised of the immigration consequences
of his plea.

The record shows that appellant signed written
plea admonishments that included the following:

5.  Citizenship: If you
are not a citizen of the United States of America, a plea of guilty or nolo
contendere for this offense may result in deportation, the exclusion from
admission to this country, or the denial of naturalization under federal law.

and 

I understand the
foregoing admonishments from the Court and am aware of the consequences of my
plea. 

 








When the record indicates that the trial court
properly admonished the defendant, a prima facie showing exists that the guilty
plea was made voluntarily and knowingly.[18]  At that point, the burden shifts to the
defendant to show that he entered the plea without understanding the consequences.[19]  Where the defendant attested that he
understood the nature of his plea and that it was voluntary at the time he
entered his guilty plea, he bears a heavy burden to show that his plea was
involuntary.[20]  

The clerk=s record
shows that appellant was properly admonished, understood the nature of his
plea, and voluntarily pleaded guilty.  In
addition, the judgment states that the trial court  Aduly
admonished@ appellant as to the
consequences of his plea, that appellant persisted in entering his plea after
having Aaffirmatively
stated awareness of the consequences@ and
having Aacknowledged
to not having been misled or harmed by the admonishment of the Court,@ and
that appellant=s plea was Afree and
voluntary.@ 
Thus, a prima facie showing exists that appellant=s guilty
plea was voluntary and the burden shifts to appellant to show that he entered
the plea without understanding the consequences.








The affidavits submitted by appellant and Tyson
on the issue of whether appellant was advised by his attorneys and understood
the consequences of his plea are conflicting. 
Appellant=s affidavit states that he and
the attorneys Anever discussed the immigration
issues@ and
that appellant Awould have brought up the immigration
matter, if anyone had ever talked about it.@  Tyson=s
affidavit, on the other hand, states that he and appellant discussed Athe advantages
and disadvantages of deferred probation, including possible immigration
consequences.@ 
It further states that, on the day of appellant=s plea,
he and appellant thoroughly went over the plea agreement documents, that
appellant stated he understood all the documents and signed them, that the
trial court reviewed the admonishments with appellant, and that appellant
stated he understood everything.

We hold that appellant did not meet his burden of
showing that his plea was involuntary and that, therefore, the trial court did
not abuse its discretion in finding that appellant=s plea
was not involuntary based upon his not having been properly admonished about
the immigration consequences of his plea. 
Appellant=s second ground is overruled.

In appellant=s third,
fourth, and fifth grounds for relief, he contends that he was denied effective
assistance of counsel and that he pleaded guilty involuntarily.













To prevail on a claim of ineffective assistance
of counsel, an appellant must show that trial counsel=s
performance was deficient and that a reasonable probability exists that the
result of the proceeding would have been different but for the deficiency.[21]  The first prong of the Strickland test
requires that the appellant show that counsel=s
performance fell below an objective standard of reasonableness.[22]  Thus, he must prove objectively, by a
preponderance of the evidence, that trial counsel=s
representation fell below professional standards.[23]  The second prong requires that the appellant
show a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.[24]  Under the first prong, however, a reviewing
court must indulge in a strong presumption that counsel=s
conduct falls within the wide range of reasonable professional assistance.[25]  Any allegation of ineffectiveness must be
firmly founded in the record, and the record must affirmatively demonstrate the
alleged ineffectiveness.[26]

Appellant claims that he received ineffective
assistance of counsel because his attorneys did not communicate with him,
coerced him, and did not transfer his case to juvenile court.

We have already discussed that appellant was not
entitled to have his case transferred to juvenile court.  As to his claim that the attorneys did not
communicate with him, the record shows that Kelly explained to appellant Ain
detail, the possible consequences associated with a guilty plea.@  The record also shows that Tyson and
appellant met Aseveral times@ before
appellant=s court date Ato discuss
the issues in his case,@ and on the day of appellant=s plea
they Aagain
discussed all his options and thoroughly went over the plea agreement
documents.@








There is no evidence in the record that appellant
was coerced into entering a plea or a judicial confession.  At most, appellant=s
affidavit indicates that appellant felt some pressure to accept the State=s offer
or Ago to
trial that day.@ 
In contrast, Tyson=s affidavit states that
appellant never seemed scared during any of their discussions, that Tyson Anever
pressured [appellant] to accept the plea bargain or waive his trial rights,@ and
that appellant stated that he Avoluntarily
wanted to enter his plea of guilty.@  Appellant signed a statement which included
the following:  A[M]y
plea is freely and voluntarily entered@ and AI am
totally satisfied with representation given me by counsel.@

Because the record does not support appellant=s claims
that he was denied effective assistance of counsel and coerced into confessing
or pleading guilty, we overrule appellant=s third,
fourth, and fifth grounds for relief.

In appellant=s sixth
and final ground for relief, he contends that he was prejudiced by counsels=
representation because they failed to recognize from the police report that
appellant was not guilty of the charges because he Aarrived
at the scene after the car was stolen.@








The indictment alleged that appellant unlawfully
acquired or otherwise exercised control over an automobile.  The police report indicates that officers
found appellant exercising control over a stolen automobile.  When officers arrived at the scene, they saw
appellant and others running from a red Acura Integra, which was up on jacks
with two tires missing, to appellant=s car,
in which officers found Athe tools and latex gloves used
to strip the Integra, along with accessories@ and Amore
property from the Integra.@  One of the suspects told officers that, after
a cohort had stolen the Integra, appellant was among those who began stripping
it.  On appellant=s
person, officers found lug nuts and a shift knob from the Integra, along with a
screwdriver.  Contrary to appellant=s claim,
the police report does not indicate a valid defense but rather that appellant
unlawfully exercised control over stolen property as alleged in the
indictment.  We overrule appellant=s sixth
ground for relief.

Having overruled all of appellant=s
grounds, we affirm the trial court=s order
denying habeas relief.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

LIVINGSTON, J. concurs
without opinion. 

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 5, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. ' 31.03(a), (e)(4)(A)
(Vernon Supp. 2008).





[3]Because appellant was
discharged from deferred adjudication community supervision, there was no
conviction.  See Tex. Code Crim.
Proc. Ann. art. 42.12 ' 5(c) (Vernon Supp.
2008).





[4]Tex. Code Crim. Proc.
Ann. art. 11.072, ' 2(b) (Vernon 2005); Ex
parte Villanueva, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008).





[5]Tex. Code Crim. Proc.
Ann. art. 11.072, ' 4(a).





[6]Id. ' 6(b).





[7]Id. ' 8; Villanueva,
252 S.W.3d at 396.





[8]Ex parte Cummins, 169 S.W.3d 752, 755
(Tex. App.CFort Worth 2005, no
pet.); Ex parte Mann, 34 S.W.3d 716, 718 (Tex. App.CFort Worth 2000, no
pet.).





[9]Ex parte Peterson, 117 S.W.3d 804, 819
(Tex. Crim. App. 2003), overruled in part on other grounds by Ex parte
Lewis, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); see Arreola v. State,
207 S.W.3d 387, 391 (Tex. App.C Houston [1st Dist.] 2006, no pet.).





[10]Peterson, 117 S.W.3d at 819; Arreola,
207 S.W.3d at 391.





[11]Ex parte Wheeler, 203 S.W.3d 317, 325B26 (Tex. Crim. App.
2006). 





[12]Ex parte Williams, 65 S.W.3d 656, 658 (Tex.
Crim. App. 2001).





[13]Id.; Ex parte Tovar,
901 S.W.2d 484, 486 (Tex. Crim. App. 1995).





[14]Williams, 65 S.W.3d at 658; Tovar,
901 S.W.2d at 486; Ex parte Fierro, 934 S.W.2d 370, 375 (Tex. Crim. App.
1996), cert denied, 521 U.S. 1122 (1997).





[15]Tex. Fam. Code Ann. ' 51.04(a) (Vernon 2008).





[16]Id. ' 51.02(2).





[17]See id. ' 51.04(a).





[18]See Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998); Arreola, 207 S.W.3d at 391.





[19]See Arreola, 207 S.W.3d at 391.





[20]See id.; Dusenberry v. State,
915 S.W.2d 947, 949 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).





[21]Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984).





[22]Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).





[23]Mitchell v. State, 68 S.W.3d 640, 642
(Tex. Crim. App. 2002).





[24]See Strickland, 466 U.S. at 694, 104 S.
Ct. at 2068; Thompson, 9 S.W.3d at 812.





[25]Strickland, 466 U.S. at 689, 104 S.
Ct. at 2065.





[26]Thompson, 9 S.W.3d at 813.