PD-1137-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/5/2015 2:19:56 PM
Accepted 10/7/2015 2:38:31 PM
ABEL ACOSTA
CLERK

## NO. PD-1137-15

### IN THE
### COURT OF CRIMINAL APPEALS
### OF TEXAS
### AT AUSTIN

FILED IN
COURT OF CRIMINAL APPEALS

October 7, 2015

ABEL ACOSTA, CLERK

### SIR MELVIN WRIGHT, JR.,
**Appellant**

**v.**

### THE STATE OF TEXAS,
**Appellee**

*On appeal in Cause No. F11-72119-T
from the 283rd Judicial District Court
Of Dallas County, Texas
And on Petition for Discretionary Review from
the Fifth District of Texas at Dallas
In Cause No. 05-14-00641-CR*

## APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

*Counsel of Record:*

**Lynn Richardson**          **Nanette Hendrickson**
**Chief Public Defender**    **Assistant Public Defender**
                             Dallas County Public Defender's Office
**Katherine A. Drew**        State Bar Number:  24081423
**Chief, Appellate Division** 133 N. Riverfront Blvd., LB 2
                             Dallas, Texas 75207-399
                             (214) 653-3550 (*telephone*)
                             (214) 653-3539 (*fax*)

ATTORNEYS FOR PETITIONER/APPELLANT

# LIST OF PARTIES

**TRIAL COURT JUDGE**
Rick R. Magnis – 283rd Judicial District Court

**APPELLANT**
Sir Melvin Wright

**APPELLANT'S ATTORNEYS**
**AT TRIAL**
Mark L. Watson, State Bar No. 20954800
5646 Milton St., Ste. 330
Dallas, TX  75206

**ON REVOCATION**
Stephen Duplantis, State Bar No. 24052192
Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd.
Dallas, TX  75207

**ON REVOCATION**
Adolpho Lopez, State Bar No. 24070169
1231 E. Missouri Ave.
El Paso, TX  79902

**ON APPEAL**
Nanette R. Hendrickson, State Bar No. 24081423
Assistant Public Defender
Dallas County Public Defender's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 2
Dallas, Texas  75207-4399

**STATE'S ATTORNEYS**
**AT TRIAL**
Rachel Burris, State Bar No. 24030870
Mark Scott, State Bar No. 24067109
Chris Pryor, State Bar No. 24046661
Assistant District Attorneys

**ON APPEAL**
Shelley O'Brien Yeatts, State Bar No. 24033487
Assistant District Attorney
Dallas County District Attorney's Office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas  75207-4399

# TABLE OF CONTENTS

LIST OF PARTIES ........................................................................................................ ii

INDEX OF AUTHORITIES ............................................................................................v

STATEMENT REGARDING ORAL ARGUMENT ...............................................1

STATEMENT OF THE CASE ....................................................................................1

STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE ....................2

STATEMENT OF FACTS ............................................................................................2

GROUND FOR REVIEW ............................................................................................2

> Whether the Court of Appeals incorrectly applied the habeas
> harmless error analysis in *Ex parte Parrott* and *Ex parte Rich* to
> Appellant's case on direct appeal.

ARGUMENT ..................................................................................................................3

PRAYER FOR RELIEF .............................................................................................10

CERTIFICATE OF SERVICE ..................................................................................10

CERTIFICATE OF COMPLIANCE .........................................................................11

# INDEX OF AUTHORITIES

**Cases**

*Bullard v. State*,
5483 S.W.2d 13 (Tex. Cr. App. 1977) ............................................................6

*Ex parte Parrott*,
396 S.W.3d 531 (Tex. Crim. App. 2013) ................................................. 3, 5, 6

*Ex parte Rich*,
194 S.W.3d 508 (Tex. Crim. App. 1973) .............................................. 3, 4, 5, 6

*Ex parte Tovar*,
901 S.W.2d 484 (Tex. Crim. App. 1995) ........................................................5

*Jackson v. State*,
680 S.W.2d 809 (Tex. Cr. App. 1984) ............................................................6

*Levy v. State*,
818 S.W.2d 801 (Tex. Crim. App. 1991) ................................................ 6, 7, 10

*Wright v. State*,
No. 05-14-00641-CR, 2015 Tex. App. LEXIS 8161 (Tex. App.—Dallas
August 4, 2015) ....................................................................................2, 6

**Statutes**

TEX. CODE CRIM. PROC. 62.102(c) .......................................................................8

TEX. CODE CRIM. PROC. ART. 62.102(b)(1) ...........................................................9

TEX. PEN. CODE § 12.35(a) .............................................................................8, 9

TEX. PEN. CODE § 21.11 (a)(1) ...........................................................................8

TEX.CODE CRIM. PROC art. 62.102(a) ..................................................................7

TEX.CODE CRIM. PROC. art. 44.29(b) ...................................................................6

TEX.CODE CRIM. PROC. art. 62.101(a) ..................................................................7

TEX.CODE CRIM. PROC. art. 62.101(c)(1) ...........................................................8, 9

TEX.CODE CRIM. PROC. art. 62.102(b) ..................................................................7

**Rules**

TEX. R. APP. P. 68.4(i) .....................................................................................2

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

Sir Melvin Wright, Jr., Appellant, respectfully presents to this Honorable Court his Petition for Discretionary Review of the Fifth District Court of Appeals' Opinion affirming the trial court's judgment.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because this case presents a question of law on issues having statewide impact and possible reoccurrence. Oral argument may be helpful to the members of this Court in the resolution of the issues presented.

## STATEMENT OF THE CASE

Appellant was indicted and pled guilty to the charge of failure to register as a sex offender enhanced in the 283rd Criminal District Court in Dallas County, Texas. (RR2: 6; CR: 11). On September 24, 2012, the trial court sentenced Appellant to ten years to serve, but suspended the sentence. (RR2: 17). The trial court placed Appellant on five years' community supervision and assessed a fine of $500.00. (RR2: 17). On November 7, 2013, after a hearing on the State's motion to revoke, the trial court denied the State's motion to revoke, but modified Appellant's probation rules to include seven days in the county jail. (RR3: 9-10). On May 16, 2014, after a

1

hearing on the State's motion to revoke, the trial court sustained the motion and sentenced Appellant to five years' incarceration. (RR4: 22; CR: 70).

## STATEMENT OF THE PROCEDURAL HISTORY OF THE CASE

On August 4, 2015, in an unpublished opinion authored by Justice Brown, the Court of Appeals for the Fifth District of Texas affirmed the trial court's judgment. *Wright v. State*, No. 05-14-00641-CR, 2015 Tex. App. LEXIS 8161, *4 (Tex. App.—Dallas August 4, 2015). This Court granted an extension of time to file a Petition for Discretionary Review, which is timely if filed on or before October 5, 2015.

## STATEMENT OF FACTS

The facts of this case, which are extensive, are adequately recited in the Court of Appeals' opinion, which is attached to this Petition as required by TEX. R. APP. P. 68.4(i).

Suffice it to say that Appellant was charged with and convicted of failure to register as a sex offender. (CR: 11; RR2: 6).

## GROUND FOR REVIEW

**Whether the Court of Appeals incorrectly applied the habeas harmless error analysis in *Ex parte Parrott* and *Ex parte Rich* to Appellant's case on direct appeal.**

## ARGUMENT

The Court of Appeals incorrectly applied the habeas harmless error analysis set out by this Court in *Ex parte Rich* and *Ex parte Parrott* to Appellant's case on direct appeal. *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 1973); *Ex parte Parrott*, 396, S.W.3d 531, 537-38 (Tex. Crim. App. 2013).

## FACTS

Appellant was indicted on the charge of failure to register as a sex offender. (CR: 11). On September 24, 2012, Appellant pled guilty to the pending indictment. (RR2: 6). The trial court informed Appellant as to the applicable range of punishment: "You're charged with failure to register as a sex offender. That's a third degree felony and carries a punishment range of two to ten years in the penitentiary and optional fine not to exceed $10,000." (RR2: 5). After testifying in mitigation, Appellant was sentenced by the trial court that same day to ten years, suspended and five years community supervision. (RR2: 11-12).

The State filed a motion to revoke on July 11, 2013. (CR: 34). Appellant entered a plea of true to the motion. (RR3: 5). The trial court admitted Appellant's written plea of true and stipulation of evidence as State's exhibit number one. (RR3: 6). The trial court, however, denied the

3

State's motion and modified Appellant's probation to include seven days to serve in the Dallas County Jail. (RR4: 9; CR: 51).

The State filed a final motion to revoke on March 12, 2014. (CR: 53-54). Appellant entered a plea of true to the motion. (RR4: 5-6). The State entered Appellant's written plea of true and stipulation of evidence as State's exhibit number one. (RR5: 6). Appellant testified in mitigation that he had completed his ten year registration requirement. (RR4: 11-13; Defendant's Exhibit 1). The trial court granted the motion to revoke and sentenced Appellant to five years' incarceration. (RR4: 22).

**THE COURT OF APPEALS' HOLDING IS INCORRECT**

The Court of Appeals' decision is in conflict with the holding of this Court. This Court held in *Ex parte Rich* that an illegal sentence "may be cognizable on a writ of habeas corpus." *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006). In determining if a sentence was "actually illegal," this Court distinguished between a clerical error in a judgment which can be corrected by a *nunc pro tunc* order and an error that "resulted from judicial reasoning or determination." *Id*. at 512. Ultimately, this Court ruled that where the record on appeal did not reveal the illegality in the defendant's sentence, he could challenge the illegality by applying for a writ of habeas corpus. *Id*.

In *Ex parte Parrott*, this Court held that in order to receive habeas relief due to an illegal sentence, an applicant must show harm. *Ex parte Parrott*, 396, S.W.3d 531, 537-38 (Tex. Crim. App. 2013). "[A] post-conviction habeas corpus application must allege facts which show both a cognizable irregularity and harm." *Id.* at 534, *quoting Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995). Proof of harm in a habeas case may be developed with new evidence beyond the appellate record. *Id*. This "affords the habeas judge, and ultimately this Court, an opportunity to evaluate that evidence." *Id*. at 535.

Furthermore, this Court then interpreted *Ex parte Rich* to include a harmless error analysis applicable in habeas cases alleging an illegal sentence. *Id*. at 536. More specifically, a habeas court must determine "whether Rich had other prior convictions that the State could have properly used to enhance his sentence or, stated differently, whether Rich was actually harmed by the erroneous enhancement." *Id*. According to *Ex parte Parrott*, the harmless error analysis stated in *Ex parte Rich* is as follows:

> (1) An applicant is harmed by an illegal sentence *when the appellate and habeas records show* that he has no other conviction that could support the punishment range within which he was sentenced; and
>
> (2) An applicant is not harmed by an illegal sentence *when the appellate and habeas records show* that there was another conviction that could properly support the punishment range within which he was sentenced.

5

*Id*. (emphasis added).

In the case at bar, the Court of Appeals' opinion incorrectly applied the harmless error analysis in *Ex parte Rich* to Appellant's case on direct appeal. The Court of Appeals' analysis was as follows:

> …appellant must show the sentence assessed was "actually illegal." *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006). And appellant's sentence was only actually illegal if the conviction was unavailable for enhancement. *Cf. Ex parte Parrott*, 396, S.W.3d 531, 537-38 (Tex. Crim. App. 2013).

*Wright*, 2015 Tex. App. LEXIS 8161, at *3-4.

This Court held the harm analysis in *Ex parte Rich* and *Ex parte Parrott* applicable specifically to habeas cases because the law requires proof of harm when habeas relief is sought. However, in the case at bar, Appellant is not seeking habeas relief, but is on direct appeal. Therefore, the Court of Appeals incorrectly applied a habeas standard to Appellant's case on direct appeal. Instead, the Court of Appeals should have determined if there was error, and if so, applied the standard found in *Levy v. State* as follows:

> when an appellate court finds error at the punishment stage of the trial, the case may be remanded to the trial court for the proper assessment of punishment. Tex. Code Crim. Proc. art. 44.29(b); *Bullard v. State*, 5483 S.W.2d 13, 18 (Tex. Cr. App. 1977); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Cr. App. 1984). In cases where a defendant enters a plea of guilty or nolo contendere without the benefit of a plea bargain agreement with the State and the trial judge assesses a punishment not authorized by law, the appropriate remedy is to allow the

finding of guilt to remain and to remand the case to the trial court for the proper assessment of punishment.

*Levy v. State*, 818 S.W.2d 801, 803 (Tex. Crim. App. 1991).

The Court of Appeals should have found error in Appellant's case. Article 62.102 of the Texas Code of Criminal Procedure provides the following:

(a) A person commits an offense if the person is required to register and fails to comply with any requirement of this chapter.

(b) An offense under this article is:
(1) A state jail felony if the actor is a person whose duty to register expires under Article 62.101(b) or (c);
(2) a felony of the third degree if the actor is a person whose duty to register expires under Article 26.101(a) and who is required to verify registration once each year under Article 62.058;

(c) If it is shown at the trial of a person for an offense or an attempt to commit an offense under this article that the person has previously been convicted of an offense or an attempt to commit an offense under this article, the punishment for the offense or the attempt to commit the offense is increased to the punishment for the next highest degree of felony.

Tex. Code Crim. Proc. art. 62.102(a), (b). Article 62.101(a), applies to those who are **not** adjudicated of delinquent conduct and mandates registration for life. Tex. Code Crim. Proc. art. 62.101(a) (emphasis added). Offenders not subject to Texas Code of Procedure Article 62.101(a) are subject to Article 62.101(b) or (c). Anyone who is adjudicated of delinquent conduct must register for ten years from the date on which "the disposition is made or the

person completes the terms of the disposition, whichever date is later." Tex. Code Crim. Proc. art. 62.101(c)(1). Any offense under Article 62.101(c) is punished as a state jail felony pursuant to Article 62.102(b)(1) unless the punishment is increased pursuant to Article 62.102(c). A state jail felony is punishable by no more than two years or less than 180 days. Tex. Pen. Code § 12.35(a).

Punishment for an offense under Texas Code of Criminal Procedure article 62.102 may be enhanced in some circumstances. Tex. Code Crim. Proc. 62.102(c). If it is shown at the trial of an offense that an offender was previously convicted of an offense under article 62.102, the current offense is then "increased to the punishment for the next highest degree of felony." *Id*.

According to the indictment, Appellant was adjudicated of delinquent conduct, specifically, indecency with a child by contact pursuant to Texas Penal Code § 21.11(a)(1) and required to register for ten years. TEX. PEN. CODE § 21.11 (a)(1); (CR: 11). Appellant judicially confessed to the same facts as stated in the indictment. (CR: 22). Since Appellant was adjudicated of delinquent conduct, Appellant's case was subject to Article 62.101(c) which addresses those adjudicated of delinquent conduct. TEX. CODE CRIM. PROC. ART. 62.101(c)(1). According to the Texas Code of Criminal

8

Procedure, offenders subject to article 62.101(c) must register for ten years and failure to do so is a state jail felony. TEX. CODE CRIM. PROC. ART. 62.102(b)(1). A state jail felony is punishable by no more than two years or less than 180 days. TEX. PEN. CODE § 12.35(a). Therefore, the range of punishment in Appellant's case should have been a minimum of 180 days up to a maximum of two years.

Appellant entered a plea of guilty to the original charge, but the record does not reflect a plea to any enhancement paragraphs, nor did the trial court give Appellant notice of any enhancement paragraphs. (RR2: 6, *passim*). Furthermore, Appellant did not judicially confess to a conviction of any prior offense under article 62.102. (RR2: *passim*; CR: 22). At no time during Appellant's plea did the State prove Appellant had a final conviction of a previous offense under Article 62.102. (RR2: *passim*). Therefore, Appellant's case could not have been enhanced according to Article 62.102 (c).

As such, the charge in Appellant's case was a state jail felony and he should not have received a sentence above two years during his original sentencing. Consequently, Appellant's sentence of ten years, suspended with five years community supervision was illegal as was his final sentence at his revocation hearing of five years' incarceration. Therefore, the Court of

9

Appeals should have found error in Appellant's case and remanded it back to the trial court for a new punishment hearing pursuant to *Levy v. State*. *Levy,* 818 S.W.2d at 803.

## CONCLUSION

The Court of Appeals' decision to affirm the trial court's illegal sentencing of Appellant is contradictory to the rulings of this Court. This Court should grant discretionary review to resolve this discrepancy between the Court of Appeal's ruling and the ruling of this Court.

## **PRAYER FOR RELIEF**

For the reasons herein alleged, Appellant prays this Court grant this petition and, upon reviewing the judgment entered below, remand the case for a new punishment hearing.

Respectfully submitted,

Lynn Richardson
Chief Public Defender


/s/ *Nanette Hendrickson*
Nanette Hendrickson
Assistant Public Defender
State Bar No. 24081423

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of October, 2015, a true copy of the foregoing petition for discretionary review was served on Lori Ordiway, Assistant District Attorney, Dallas County Criminal District Attorney's Office, 133 N. Riverfront Blvd., LB-19, 10th Floor, Dallas, Texas, 75207, by electronic and hand delivery; and was also served on, Lisa C. McMinn, State Prosecuting

10

Attorney, P.O. Box 13046, Austin, Texas, 78711 by electronic delivery and by depositing same in the United States Mail, Postage Prepaid.

/s/ *Nanette Hendrickson*
Nanette Hendrickson

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Petition for Discretionary Review contains 2,801 words.

/s/ *Nanette Hendrickson*
Nanette Hendrickson



**User Name:** nanette hendrickson
**Date and Time:** Oct 05, 2015    1:42 p.m. EDT
**Job Number:** 24600858

## Document(1)

1.   *Wright v. State, 2015 Tex. App. LEXIS 8161*
     **Client/Matter:** -None-



## *Wright v. State*

Court of Appeals of Texas, Fifth District, Dallas

August 4, 2015, Opinion Filed

No. 05-14-00641-CR

**Reporter**

2015 Tex. App. LEXIS 8161

SIR MELVIN WRIGHT, JR., Appellant v. THE STATE OF TEXAS, Appellee

**Notice:** PLEASE CONSULT THE TEXAS RULES OF APPELLATE PROCEDURE FOR CITATION OF UNPUBLISHED OPINIONS.

**Prior History:** [*1] On Appeal from the 283rd Judicial District Court, Dallas County, Texas. Trial Court Cause No. F-1172119-T.

## Core Terms

sentence, prior conviction, fail to register, enhanced, parte, sex offender, trial court, indictment, asserts, felony, revoke

## Case Summary

**Overview**

HOLDINGS: [1]-Although defendant, who pleaded guilty to the offense of failure to register as a sex offender, asserted his sentence was illegal because of the State's failure to provide him with notice that it was seeking an enhanced punishment range and its failure to provide evidence of a prior conviction, defendant failed to show his sentence was illegal; [2]-Defendant's sentence was only actually illegal if the conviction was unavailable for enhancement; [3]-Although defendant asserted his guilty plea was involuntary because he was improperly admonished as to the range of punishment, defendant could not raise a complaint regarding the involuntariness of his original plea in an appeal from the revocation of his probation.

**Outcome**

Judgment affirmed.

## LexisNexis® Headnotes

Criminal Law & Procedure > Criminal Offenses > Classification of Offenses > Felonies

Criminal Law & Procedure > Sentencing > Ranges

Criminal Law & Procedure > Postconviction Proceedings > Sex Offenders > Registration

Family Law > Delinquency & Dependency > Delinquency Proceedings

*HN1* If a person is required to register as a sex offender based on an adjudication of delinquency, and fails to comply with the registration requirements, the offense is a state jail felony. *Tex. Code Crim. Proc. Ann. art. 62.102*. If a person has a prior conviction for failure to register, the punishment range is increased to a third-degree felony. *Art. 62.102*.

Criminal Law & Procedure > Sentencing > Appeals > Appealability

Criminal Law & Procedure > Sentencing > Corrections, Modifications & Reductions > Illegal Sentences

Criminal Law & Procedure > Sentencing > Ranges

Criminal Law & Procedure > ... > Probation > Revocation > General Overview

Criminal Law & Procedure > Appeals > Reviewability > General Overview

*HN2* Generally, an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction. However, a sentence outside the range of punishment is void and may be challenged at any time.

Criminal Law & Procedure > Sentencing > Corrections, Modifications & Reductions > Illegal Sentences

*HN3* A defendant who contends he received an illegal sentence must show the sentenced assessed was actually illegal.

nanette hendrickson

Criminal Law & Procedure > ... > Entry of Pleas > Guilty Pleas > Voluntariness

Criminal Law & Procedure > Sentencing > Appeals > Appealability

Criminal Law & Procedure > ... > Probation > Revocation > General Overview

Criminal Law & Procedure > Appeals > Reviewability > General Overview

*HN4* An appellant may not raise a complaint regarding the involuntariness of his original plea in an appeal from the revocation of his probation.

**Counsel:** For Appellants: Nanette Hendrickson, Dallas, TX.

For Appellees: Michelle (Shelly) O'Brien, Susan Hawk, Dallas, TX.

**Judges:** Before Justices Bridges, Fillmore, and Brown. Opinion by Justice Brown.

**Opinion by:** ADA BROWN

# Opinion

**MEMORANDUM OPINION**

Opinion by Justice Brown

Sir Melvin Wright, Jr. appeals his conviction for failure to register as a sex offender. In two points of error, appellant contends (1) he received an illegal sentence, and (2) his guilty plea was involuntary. For the following reasons, we affirm.

On November 1, 2011, a warrant issued for appellant's arrest based on an affidavit alleging appellant had committed the offense of failure to register as a sex offender, "Felony 3." The warrant was based on an affidavit stating probable cause existed that appellant committed the offense. The affidavit stated appellant had been "convicted" of indecency with a child and was sentenced to two years in the Texas Youth Commission. The affidavit further stated appellant was then later convicted of failing to register as a sex offender and sentenced to 365 days in jail. Finally, the affidavit alleged appellant committed the instant failure to register offense, which was enhanced "due to the prior conviction."

Appellant was arrested **[*2]** and arraigned on the charges. The grand jury subsequently indicted him for failing to register as a sex offender. The indictment stated the "charge" was "FAIL REG SEX OFFEND ENH F3," and alleged appellant's duty to register was based on an adjudication of delinquent conduct. The indictment did not, however, allege appellant had a prior conviction for failure to register.

Appellant pleaded guilty to the offense. At the plea hearing, the trial court admonished appellant he was being charged with "failure to register as a sex offender" and that the punishment range was two to ten years' confinement and a $10,000 fine. Appellant entered a plea of guilty. His also signed a judicial confession in which he admitted committing the offense as alleged in the indictment. During the hearing, appellant and his attorney both made references to appellant's prior conviction. For example, appellant conceded he had already had "problems" with the "criminal justice system" for failing to comply with the registration requirements, and he did not want "another case." His attorney then, in arguing for leniency, acknowledged "there's no good reason for failing to register once, let alone twice." The State **[*3]** did not, however, offer formal proof of his prior conviction.

The trial court found appellant guilty of the offense, and sentenced him to ten years in prison, but suspended imposition of the sentence. The trial court's judgment reflects appellant was convicted of "failure to register/enhanced." Appellant did not appeal his conviction.

The trial court subsequently revoked appellant's probation. At the hearing on the motion to revoke, appellant testified and admitted he had been sentenced to twelve months for the "2007" offense. The trial court found the allegations in the State's motion to revoke true, and sentenced appellant to five years in prison.

In his first issue, appellant asserts he was assessed an illegal sentence because his five-year sentence was outside the range of punishment for a state jail felony. *HN1* If a person is required to register as a sex offender based on an adjudication of delinquency, and fails to comply with the registration requirements, the offense is a state jail felony. *Tex. Crim. Proc. Code Ann. § art. 62.102* (West). If a person has a prior conviction for failure to register, the punishment range is increased to a third-degree felony. See *Tex. Crim. Proc. Code Ann. § 62.102* (West); **[*4]** *see also Ford v. State, 334 S.W.3d 230, 234 (Tex. Crim. App. 2011)*

Appellant asserts his five-year sentence was illegal because he was convicted of a state jail felony, for which the maximum period of confinement allowable is two years. *See Tex. Penal Code Ann. § 12.35* (West 2011). He further asserts his punishment could not be enhanced because (1)

the indictment did not allege a prior conviction, (2) he was not given notice of a prior conviction, (3) he did not plead true to any allegations of a prior conviction, and (4) the State did not otherwise prove he had a prior conviction.

*HN2* Generally, an appeal from an order revoking probation is limited to the propriety of the revocation and does not include a review of the original conviction. *Traylor v. State, 561 S.W.2d 492, 494 (Tex. Crim. App. [Panel Op.] 1978)*. However, a sentence outside the range of punishment is void and may be challenged at any time. *See Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006)*; *Mizell v.State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)*; *Baker v. State*, 278 S.W.3d 923, 926 (Tex. App.—Houston 2009, pet. ref'd).

Here, appellant does not dispute he was sentenced within the range of punishment if the State showed he had a prior conviction. Nor does appellant dispute that he had a prior conviction that would allow for enhancement. *Cf. Ex parte Parrott*, 396 S.W.3d 531, 537-38 (Tex. Crim. App. 2013) (in habeas proceeding defendant failed to show harm when actual criminal history would support punishment). He nevertheless asserts his sentence was illegal because of the State's failure to **[*5]** provide him with notice that it was seeking an enhanced punishment range and its failure to provide evidence of a prior conviction. However, *HN3* appellant must show the sentenced assessed was "actually illegal." *See See Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006)*. And appellant's sentence was only actually illegal if the conviction was unavailable for enhancement. *Cf. Ex parte Parrott*, 396 S.W.3d 531, 537-38 (Tex. Crim. App. 2013). Neither appellant's complaint regarding the State's failure to provide him notice nor his complaint regarding defects in the evidence show his conviction could not be used to enhance his punishment. *Cf. Ex parte Parrott*, 396 S.W.3d at 537-38 (Tex. Crim. App. 2013). We conclude appellant has failed to show his sentence was illegal. *See Ex parte Rich, 194 S.W.3d at 511*; *see also. Ex Parte Parrott*, 396 S.W.3d a 537-38. We overrule appellant's first point of error.

In his second point of error, appellant asserts his guilty plea was involuntary because he was improperly admonished as to the range of punishment. It is well established *HN4* an appellant may not raise a complaint regarding the involuntariness of his original plea in an appeal from the revocation of his probation. *Jordan v. State, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001)*. That issue must be raised in an appeal from the original conviction. *See id.* We overrule appellant's second point of error.

We affirm the trial court's judgment revoking **[*6]** appellant's probation.

/Ada Brown/

ADA BROWN

JUSTICE

Do Not Publish

*Tex. R. App. P 47.2(b)*

**JUDGMENT**

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of August, 2015.