**James Riley BARNWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47596.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Ralph Taite, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is under Article 535c, Vernon's Ann.P.C., for indecent exposure to a child under the age of sixteen (16) years. The punishment, enhanced under Article 63, P.C., by reason of two prior felony convictions for offenses less than capital, life.

The sufficiency of the evidence to support the conviction for the primary offense, which was shown to have been committed on January 12, 1972, is not challenged.

The indictment, in the first paragraph, charged commission of the primary offense on or about the 12th of January, 1972.

In the second paragraph, the indictment charged that, prior to commission of the primary offense, the appellant was on April 1, 1960 duly and legally convicted in the Criminal District Court No. 3 of Dallas County, Texas, in Cause No. D-2-IJ, of the non-capital felony offense of robbery and that said conviction was a final conviction and for an offense committed by appellant prior to commission of the primary offense alleged in the first paragraph of the indictment.

In the third paragraph of the indictment, it was alleged that "prior to commission of each of the aforesaid offenses", appellant

on December 8, 1954 was duly and legally convicted in the Special Criminal District Court of Dallas County, Texas, in Cause No. 6094–HIJ of the offense of felony theft and that said conviction was final and was for an offense committed prior to the commission and conviction of the offense charged in the second paragraph and prior to commission of the primary offense alleged in the first paragraph of the indictment.

■ We overrule appellant's ground of error number two wherein he insists that the indictment was insufficient because it did not notify him "as to the alleged dates of the commission of the offenses alleged in paragraphs two and three."

The indictment clearly alleges that the 1960 conviction was for an offense committed after the 1954 conviction had become final, and that both prior comvictions were final and for offenses committed prior to the commission of the primary offense. Such allegation was sufficient to meet the requirement set out in Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697 that, in order to invoke the provisions of the habitual criminal statute, the indictment must allege that each succeeding conviction is subsequent to the previous conviction both in point of time of commission of the offense and conviction thereof, and that the primary offense was committed after the two prior convictions had become final.

Hodge v. State, 164 Tex.Cr.R. 69, 297 S.W.2d 138, cited by appellant, is not in point because that case dealt with the necessity of alleging the date of the offense in an information and did not relate to the manner of alleging a prior conviction for purpose of enhancement.

■ In his first ground of error, appellant insists that the State failed to prove that the first conviction (1954) alleged for enhancement was final before commission of the offense alleged in the second conviction (1960) for enhancement.

In making proof of the two prior convictions alleged for enhancement, the State introduced in evidence certain duly authenticated copies of the Texas prison records which included copies of the judgments and sentences in the two cases alleged for enhancement. Certified copies of the indictments, judgments and sentences in the cases were also introduced. Proof was made and appellant admitted at the trial that he was the person so convicted in the two cases.

Among the papers introduced were copies of the judgment and sentence in the first conviction in Cause No. 6094–HIJ in the Special Criminal District Court of Dallas County. Both the judgment and sentence are dated December 8, 1954, and no notice of appeal being shown, the judgment of conviction for felony theft was final on that date. Woolsey v. State, 166 Tex.Cr.R. 447, 314 S.W.2d 298. Copies of the indictment, judgment and sentence in the second conviction in Cause No. D–2–IJ in the Criminal District Court of Dallas County, showed that appellant was finally convicted of the offense of robbery in that cause on April 1, 1960. The indictment was filed in the cause on February 22, 1960. The statute of limitations for robbery is five years. Article 12.03, Vernon's Ann.C.C.P. Under such record, it was shown that the second conviction for robbery was for an offense committed after the first conviction for felony theft became final on December 8, 1954. See Stratman v. State, Tex.Cr.App., 436 S.W.2d 144.

We note that Urban v. State, Tex.Cr. App., 387 S.W.2d 396, relied upon by appellant in support of his contention that an indictment is merely hearsay, was overruled by this Court in Smith v. State, Tex.Cr.App., 450 S.W.2d 618.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.