Edward SCOTT, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 53164.

Court of Criminal Appeals of Texas.

July 6, 1977.

Gerald P. Burleson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, John S. Holleman, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary of a building with intent to commit theft. The jury found appellant guilty and the trial court found the paragraphs in the indictment charging appellant with having been previously convicted of two felonies to be true, and the punishment was assessed under V.T.C.A., Penal Code, Sec. 12.42(d), at life.

At the outset, appellant contends that the trial court erred in denying his "motion to quash the enhancement paragraphs of the indictment on the ground that there is no allegation that the most recent alleged prior conviction became final prior to the commission of the primary offense."

The indictment alleges in pertinent part: "EDWARD SCOTT, JR. . . . on or about July 12, 1974, did then and there unlawfully commit an offense hereafter styled the primary offense in that he did

with intent to commit theft, enter a building not then open to the public, owned by Glenn Parmer, hereafter styled the Complainant, without the effective consent of the Complainant.

"ENHANCEMENT PARAGRAPHS

"Before the commission of the primary offense, on February 13, 1970, in Cause No. 67787, in the Nineteenth Judicial District Court of East Baton Rouge Parish, Louisiana, the Defendant was convicted of the felony of Simple Burglary.

"Before the commission of the primary offense, and after the conviction in Cause No. 67787 was final, the Defendant committed the felony of Attempted Simple Burglary and was convicted on December 13, 1971, in Cause No. 80375, in the Nineteenth Judicial District Court of East Baton Rouge Parish, Louisiana."

V.T.C.A., Penal Code, Sec. 12.42(d), provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

In *Carvajal v. State,* Tex.Cr.App., 529 S.W.2d 517, we noted that, "The language of Sec. 12.42(d) is similar to that of Art. 63 [V.A.P.C.]," and quoted from the Practice Commentary following Sec. 12.42(d), where it was stated:

"Subsection (d) preserves prior Article 63. . . . And presumably, in the context of this and the following section, the old rules regulating use of prior convictions for enhancement will also apply. See e. g., *Mayo v. State,* [166 Tex.Cr.R. 470,] 314 S.W.2d 834 (Cr.App.1957); *Kinney v. State,* [45 Tex.Cr.R. 500,] 79 S.W. 570 (Cr.App.1904)." Also see *Hernandez v. State,* Tex.Cr.App., 530 S.W.2d 563.

Appellant cites *Rogers v. State,* 168 Tex. Cr.R. 306, 325 S.W.2d 697, and *Barnwell v. State,* Tex.Cr.App., 504 S.W.2d 877. In *Barnwell,* it was stated:

"The indictment clearly alleges that the 1960 conviction was for an offense committed after the 1954 conviction had become final, and that both prior convictions were final and for offenses committed prior to the commission of the primary offense. Such allegation was sufficient to meet the requirement set out in *Rogers v. State,* 168 Tex.Cr.R. 306, 325 S.W.2d 697 that, in order to invoke the provisions of the habitual criminal statute, the indictment must allege that each succeeding conviction is subsequent to the previous conviction both in point of time of commission of the offense and conviction thereof, and that the primary offense was committed after the two prior convictions had become final."

In *Ex parte Holley,* 170 Tex.Cr.R. 206, 339 S.W.2d 903, where punishment was enhanced under Art. 63, V.A.P.C. by virtue of a prior conviction for forgery in the State of Oklahoma in 1947 and a felony theft conviction in Bailey County in 1950, it was stated:

"The indictment is insufficient in law to support a life term under Art. 63, Vernon's Ann.P.C., because there is no allegation that the theft for which relator was convicted in 1950 was committed after the judgment in the forgery conviction became final."

*Alvarez v. State,* Tex.Cr.App., 472 S.W.2d 762, cites *Holley* with approval.

On the other hand, the Court has expressly rejected the contention that it must be alleged in the indictment that prior convictions relied on for enhancement had become final. In *Ellis v. State,* 134 Tex.Cr.R. 346, 115 S.W.2d 660, it was stated:

"Another objection urged to that part of the indictment charging prior convictions was that it contained no averment that the judgments under said convictions had become 'final judgments.' In the recent case of *Arbuckle v. State,* 132 Tex.Cr.R. 371, 105 S.W.2d 219, many cases upon the subject of increased punishment were reviewed, and it was there held that when the state pleaded a 'prior *conviction*' it

necessarily meant a final conviction before the commission of the offense which was being presently prosecuted. In the first paragraph of the indictment heretofore quoted it was alleged that 'prior to the commission of the offense by the said defendant hereinbefore alleged—that is, the theft of Strickland's horse—the said defendant was four times *convicted* of a felony,' etc. This sufficiently alleged the finality of the convictions thereafter particularly designated. If any of said convictions were not final it became a matter of defense subject to proof."

In *Broughton v. State,* 148 Tex.Cr.R. 445, 188 S.W.2d 393, *Ellis* was cited with approval, the Court stating:

"It was sufficient to charge that he had been convicted of an offense of like character prior to the primary offense charged. *A conviction means a final conviction.* If a conviction was not final, it could be shown as a matter of defense." [1] (Emphasis supplied.)

In *Martinez v. State,* 163 Tex.Cr.R. 10, 288 S.W.2d 71, where appeal was taken from a conviction for the felony offense of driving while intoxicated, *Ellis* and *Broughton* were cited with approval and it was stated:

"The averment in the indictment that the appellant had been duly and legally convicted was sufficient to charge the finality of the alleged prior conviction. Hence, appellant's contention that a final conviction was not alleged is overruled."

We conclude that the holdings in *Ellis v. State,* supra; *Broughton v. State,* supra; and *Martinez v. State,* supra, are consistent with Sec. 12.42(d), and the sounder rule. We reaffirm the rule stated in those cases that the averment in an indictment that a defendant has been convicted is sufficient to charge the finality of the alleged prior conviction.

To the extent that *Ex parte Holley,* supra; *Barnwell v. State,* supra; *Alvarez v. State,* supra; *Rogers v. State,* supra, and any other cases are in conflict, they are overruled.

We reject appellant's contention that the court erred in denying his motion to quash.

Appellant contends that the proof is insufficient to show that he has been previously convicted of the two prior offenses alleged in the indictment in that "the prison packets were not properly attested by the legal custodian of such records as required by Texas law" and that judgments, if any, and sentences in each of the two prior convictions should not have been admitted into evidence.

First, it is noted that the pen packets contain no judgments upon which sentences for the two prior offenses can be based. In *Aaron v. State,* Tex.Cr.App., 546 S.W.2d 277, where Louisiana convictions were relied on for enhancement of punishment purposes, it was stated,

" 'The absence of a judgment invalidates a sentence, and without a sentence no final conviction has resulted from the trial.' *Morgan v. State,* 515 S.W.2d 278 (Tex.Cr.App.1974). A conviction that is not final cannot be used at the punishment stage of a trial under Art. 37.07, Sec. 3(a), V.A.C.C.P. *Morgan v. State,* supra."

Further, the certifications on both pen packets make no reference to the authenticity of the sentences included in the packets specifically, nor are the sentences included in the certification by general reference. The certifications on both packets recite:

"I, J. B. Rabalais, in my official capacity as Record Clerk and legal Custodian of the records of the Louisiana State Penitentiary, do hereby certify that attached hereto are true and exact copies of the document of commitment, photographs,

---

[1] It has long been held that if a conviction relied on for enhancement is urged not to be final, it is a matter of defense subject to proof. *Gardner v. State,* 486 S.W.2d 805; *Miller v. State,* Tex.Cr.App., 472 S.W.2d 269; *Johnson v. State,* Tex.Cr.App., 435 S.W.2d 512; *Woolsey v. State,* 166 Tex.Cr.R. 447, 314 S.W.2d 298; *Smothermon v. State,* Tex.Cr.App., 383 S.W.2d 929; *Whiddon v. State,* 160 Tex.Cr.R. 23, 266 S.W.2d 167.

and fingerprints relative to one Edward Scott, a former inmate of this institution."

The instruments themselves, which appear to be sentences, in the two Louisiana convictions bear no certification as to their authenticity. Appellant timely and properly objected to the admission of the pen packets for this reason. We find that the sentences were not properly authenticated and were inadmissible.

The error herein relates to punishment only;[2] the court assessed the punishment. Inasmuch as the State's proof of prior convictions is insufficient, the proper remedy is to set aside the life sentence and remand the case to the trial court for a new hearing or trial on the issue of punishment to be assessed by the court, at which time the State may again attempt to prove the prior convictions for the purpose of enhancing punishment.[3]

It is so ordered.

Opinion approved by the Court.

---

**2.** We have reviewed appellant's pro se brief, and find that the contentions therein, other than those which relate to grounds of error treated in this opinion, are wholly without merit.

**3.** See *Bullard v. State,* Tex.Cr.App., 533 S.W.2d 812.