Michael Luther WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–83–636CR.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 20, 1984.

Bobbi L. Blackwell, Connie Brown Williams, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted of aggravated robbery under TEX.PENAL CODE ANN. § 29.03 (Vernon 1974). His sentence, enhanced by a prior conviction, was set at thirty-six years. One of the grounds of error deals with the proper authentication of a State of Missouri pen packet. We find no error and the judgment is affirmed.

In ground of error one, Appellant alleges that the result of a pre-trial line-up should have been suppressed because he was denied his right under U.S. CONST. amend. VI to have an attorney present at that line-up. He argues that he had the right to an attorney because he was the focus of the police department's investigation and was to be charged immediately following the line-up, relying on *Escobedo v. State*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

We find the facts of *Escobedo* inapposite to our facts. *Escobedo* held that regardless of whether charges have been brought: (1) when an investigation focuses on a particular suspect; and (2) a police officer interrogates that suspect without advising him of his right to remain silent; and (3) the suspect requests, but is denied, counsel; and (4) the suspect makes an incriminating statement; that (5) the statement will be suppressed because the suspect's sixth amendment right to counsel has been violated. The only common elements between *Escobedo* and the facts in our case are that neither *Escobedo* nor Appellant had been charged and both were the focus of a police investigation. However, Appellant was more than a suspect in that the police were going to formally charge him immediately after the line-up. While we find this a distinguishing element not present in other similar cases, we are constrained to follow the stare decisis of this State. Appellant did not have the right to counsel at the line-up because charges had not been brought at that time. *Rudd v. State*, 616 S.W.2d 623, 624 (Tex. Crim.App.1981). Ground of error one is overruled.

Ground of error two contains an allegation that the in-court identification of Appellant was tainted by an "inherently unfair" pre-trial line-up. We find no error because Appellant was identified in court by a person not present at his line-up. This identification was based on an independent recollection of Appellant, and the trial judge was correct in allowing it. *See Thomas v. State*, 605 S.W.2d 290, 294 (Tex.

Crim.App.1980) (en banc); *Shannon v. State*, 681 S.W.2d 139 (Tex.App.—Houston [14th Dist.] 1984, pet. requested). Ground of error two is overruled.

Appellant next contends that the trial judge erred when he allowed the prosecutor to infer that he had personal knowledge that Appellant had committed other crimes. The testimony upon which this ground of error is based was innocuous and we find no error. Further, Appellant never obtained an adverse ruling on his objection; rather, his motion for mistrial was overruled. Thus error, if any, was waived. *See Cain v. State*, 549 S.W.2d 707, 716 (Tex.Crim.App.1977); *Bazroux v. State*, 634 S.W.2d 919, 924 (Tex.App.— Houston [1st Dist.] 1982, no pet.). Ground of error three is overruled.

In ground of error four, Appellant complains that the prosecutor was allowed "to make a gross misstatement of the facts" in his closing argument, i.e. the prosecutor's statement that "[the jury] heard no argument that there was anything wrong with that lineup [sic] procedure." We find no harm in this remark. Ground of error four is overruled.

In ground of error five, Appellant contends that his indictment should have been quashed because it violated TEX. CODE CRIM.PROC.ANN. art. 21.24(a) (Vernon Supp.1984), by charging him with four separate offenses which did not arise out of the same criminal episode. This issue is moot because the State abandoned all but one count of the indictment and only that count was presented to the jury. *See Meeks v. State*, 653 S.W.2d 6, 10 (Tex.Crim. App.1983) (en banc); *Shannon v. State*, 681 S.W.2d 142 (Tex.App.—Houston [14th Dist.] 1984, no pet.). Ground of error five is overruled.

Appellant alleges, in ground of error six, that there was insufficient evidence to establish that he previously had been convicted of an offense which was used to enhance his sentence. He first argues that

the enhancement paragraph did not allege that the Appellant had been convicted of a particular count, just 'robbery first degree.' This statement is patently incorrect for the enhancement paragraph specifies that the State relied on the felony of Robbery First Degree in Cause No. 78–853. Cause No. 78–853 did include two counts, but only one count alleged Robbery First Degree. Further, other instruments which were tendered into evidence constituted sufficient evidence that Appellant was convicted of the offense relied on in the enhancement paragraph.

■ Appellant also complains of a violation of TEX.PENAL CODE ANN. § 12.-42(d) (Vernon 1974), which applies when two prior offenses are alleged. Under § 12.42(d), the State must establish that the conviction for the first prior offense was final before the second prior offense was committed in order to use both prior offenses for enhancement. Since only one prior offense was alleged, the State did not have to establish the date the prior offense was committed; rather, it merely had to establish the date the prior conviction became final and that the primary offense occurred subsequently. The State established what was necessary to prove the prior offense for enhancement purposes. Ground of error six is overruled. *See Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Crim.App.1982).

In his final ground of error, Appellant contends that there was insufficient evidence to establish that his pen packet was properly authenticated because the language in the certification referred to fingerprints, photographs and the Commitment but made no mention of the judgment or sentence. He relies on *Scott v. State*, 553 S.W.2d 361 (Tex.Crim.App.1977), which dealt with pen packets from Louisiana. The certifications in *Scott* also referred to photographs, fingerprints and the Commitment with no mention of the authenticity of the sentences.

■ The pen packet in this case was provided by Missouri. As previously stated, the certification page stated that the photographs, fingerprints and Commitment attached to the certificate were true and correct copies of Appellant's original records. The Commitment itself certifies that the judgment and sentence, which are set out at the top of the page of the same instrument are correct. As pointed out in *Williford v. Stewart*, 355 Mo. 715, 198 S.W.2d 12, 15 (1946) (en banc), the Missouri Commitment *is* a certified copy of the judgment and sentence. *See also State v. Hicks*, 376 S.W.2d 160, 162 (Mo.1964); *State v. Harrison*, 276 S.W.2d 222, 226 (Mo.1955). Thus, since the Commitment was certified, the judgment and sentence necessarily were also certified.

The *Scott* ruling has no application to this case because the Louisiana Commitment differs from the Missouri Commitment. Louisiana apparently records the sentence on one instrument and records the judgment on another instrument, while Missouri records both sentence and judgment on a single instrument. Having found that the pen packet was properly authenticated, and was in compliance with TEX.REV.CIV.STAT.ANN. art. 3731a. (Vernon Supp.1984), we overrule ground of error seven.

The judgment is affirmed.