

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,647

## EX PARTE JIMMIE MARK PARROTT, JR., Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1227343-B IN THE 230TH DISTRICT COURT
## HARRIS COUNTY

ALCALA, J., delivered the opinion of the Court in which KELLER, P.J., and PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined. MEYERS, J., filed a dissenting opinion. HERVEY, J., filed a dissenting opinion in which KEASLER, J., joined.

### O P I N I O N

In this case, we decide that an applicant must prove harm to obtain relief in a writ of habeas corpus premised on an illegal-sentence claim. Here, Jimmie Mark Parrott, applicant, raises an illegal-sentence claim based on the State's improper use of a prior conviction for enhancement purposes. We deny relief because the habeas record establishes that applicant was previously convicted of other offenses that support the punishment range within which he was admonished and sentenced; therefore, he has failed to demonstrate harm.

## I. Background

At his plea hearing, applicant was admonished that the single enhancement allegation in the indictment increased the punishment range of his third-degree-felony offense—2 to 10 years' imprisonment—to that of a second-degree felony—2 to 20 years' imprisonment. *See* TEX. PENAL CODE §§ 12.33(a), 12.34(a), 31.03(e)(5). He pleaded guilty to the offense and true to the enhancement allegation. In accordance with his plea-bargain agreement with the State, the trial court found him guilty and the enhancement true and sentenced him to 15 years' imprisonment.

After his appeal was dismissed,[1] applicant filed this application for a writ of habeas corpus. Among his complaints, he challenges the legality of his sentence on the basis that the enhancement paragraph alleged a prior conviction for a state-jail felony, which the State could not properly use to enhance the punishment range of his third-degree-felony offense. *See* former TEX. PENAL CODE § 12.42(a)(3) (West 2009) (permitting punishment of third-degree felony as second-degree felony if "defendant has once before been convicted of a felony"); *see also Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (explaining that state-jail felony could not enhance first-, second-, or third-degree felony because, "as

---

[1]     Applicant waived his appeal pursuant to the plea bargain, and the court of appeals, therefore, dismissed his appeal. *See Parrot v. State*, No. 14-10-00160-CR, 2010 Tex. App. LEXIS 2363 (Tex. App.—Houston [14th Dist.] Apr. 1, 2010, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 25.2(a)(2)).

used in subsection 12.42(a), the terms 'felony' and 'state jail felony' are mutually exclusive").[2] He contends that his 15-year sentence, therefore, exceeds the 10-year maximum authorized for third-degree-felony convictions. *See* TEX. PENAL CODE § 12.34(a).

In response, the State does not dispute that it improperly used the prior state-jail felony to enhance applicant's punishment.[3] It only challenges his failure to prove harm. The State's habeas evidence establishes that applicant had been previously convicted of three felonies, each of which could have properly been used to enhance the punishment range of his third-degree-felony offense to at least that of a second-degree felony.[4] *See* former TEX. PENAL CODE § 12.42(a)(3), (d) (West 2009). Applicant does not contest that evidence.

The trial court entered findings of fact and conclusions of law recommending that this Court deny relief. The trial court concluded that applicant's sentence was authorized by law because his "sentence is within the range of punishment as he has previous convictions that could take the place of the invalid enhancement."[5]

---

[2]    Former Texas Penal Code Section 12.42(a)(3) is the statute applicable to our analysis of this case. *See* former TEX. PENAL CODE § 12.42(a)(3) (West 2009). That statute has since been amended to explicitly permit punishment of a third-degree felony as a second-degree felony if "the defendant has previously been finally convicted of a felony other than a state jail felony . . . ." TEX. PENAL CODE § 12.42(a), *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 7 (H.B. 3384), effective September 1, 2011 (amendments apply only to an offense committed after effective date).

[3]    We do not reach the State's alternative argument that applicant is estopped from raising an illegal-sentence claim.

[4]    These prior felony convictions included convictions for aggravated robbery, theft by receiving, and arson, all of which are third- or second-degree felonies.

[5]    The application also raised a claim of ineffective assistance of counsel, but this Court did not file and set that claim. Applicant suggests that his attorney performed deficiently by advising him to plead true to an enhancement paragraph that could not properly be used to enhance his punishment

## II.  Applicant Has Not Established Harm from the
## Erroneous Enhancement Allegation

### A.  Law Applicable to Illegal-Sentence Claims

A claim of an illegal sentence is cognizable in a writ of habeas corpus. *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006). An illegal sentence is one that is not authorized by law; therefore, a sentence that is outside the range of punishment authorized by law is considered illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996).

The parties dispute whether a habeas applicant must demonstrate harm in an illegal-sentence case.  The general rule is clear, however, that an applicant must show harm to obtain habeas relief: "[A] post-conviction habeas corpus application must allege facts which show both a cognizable irregularity and harm." *Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995).  An applicant demonstrates harm with proof "by a preponderance of the evidence that the error contributed to his conviction or punishment." *Ex parte Williams*, 65 S.W.3d 656, 658 (Tex. Crim. App. 2001).

---

for this offense. The record does not support that claim.  Applicant's criminal history shows that he is a habitual offender potentially subject to a statutory minimum sentence of 25 years in prison. *See* TEX. PENAL CODE § 12.42(d).  Counsel secured him a 15-year sentence, which was 10 years below the potential minimum range. Had counsel challenged the enhancement paragraph because it alleged a state-jail felony rather than a higher-grade felony, this might have prompted the State to use applicant's other prior felony convictions, thereby subjecting him to a substantially higher punishment range. Applicant's pleas of guilty and true enabled him to receive the lesser punishment to which he agreed in his plea bargain.  Because this pleading error may well have benefitted him, applicant cannot show that he received ineffective assistance of counsel.

Proof of harm may be developed through evidence beyond the appellate record. The introduction of new evidence is a key distinguishing feature of habeas corpus. *See Rouse v. State*, 300 S.W.3d 754, 762 n.17 (Tex. Crim. App. 2009). It affords the parties the opportunity to support a claim "'by information from sources broader than the appellate record.'" *Id*. (quoting *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001)). [6] It also affords the habeas judge, and ultimately this Court, an opportunity to evaluate that evidence. While this post-conviction evidentiary mechanism frequently benefits defendants by enabling them to introduce new evidence favorable to them, it may also subject them to the introduction of unfavorable evidence. *Compare Ex parte Henderson*, __ S.W.3d__, No. AP-76,925, 2012 Tex. Crim. App. LEXIS 1605, *1-3 (Tex. Crim. App. Dec. 5, 2012) (not yet reported) (Henderson's habeas evidence cast sufficient doubt on reliability of conviction so as to warrant relief), *with Ex parte Nycum*, 614 S.W.2d 140, 141 (Tex. Crim. App. 1981) (in response to Nycum's habeas claim that trial court abused its discretion in denying bail, State introduced evidence of his 16 prior felony convictions, and relief was denied). Here,

---

[6]    Applicant cites to many direct-appeal cases that hold that sufficiency error is not subject to harm analysis. *See, e.g.*, *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008); *Fletcher v. State*, 214 S.W.3d 5, 8-9 (Tex. Crim. App. 2007); *Russell v. State*, 790 S.W.2d 655, 656 (Tex. Crim. App. 1990); *Scott v. State*, 553 S.W.2d 361, 364 (Tex. Crim. App. 1977). Those cases, however, are inapplicable because of three procedural differences between direct appeals and habeas corpus. First, on direct appeal, neither party has the burden to prove harm, but in habeas proceedings, a defendant has the burden to demonstrate harm. *See Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim. App. 2000). Second, habeas is an extraordinary remedy premised on equity and not on error correction as is the focus of direct appeal. *See Blanton v. State*, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012). Third, in determining whether relief is warranted in habeas proceedings, the court reviews not only evidence contained in the appellate record, but also evidence beyond that record. *See Rouse v. State*, 300 S.W.3d 754, 762 n.17 (Tex. Crim. App. 2009).

the State introduced evidence during the habeas proceedings demonstrating that applicant, a three-time felon, was not harmed by the error, evidence that applicant does not contest and that the habeas court has found reliable.

Citing *Ex parte Rich*, applicant argues that, in an illegal-sentence case, a habeas applicant need not show harm. 194 S.W.3d at 510-12. In *Rich*, this Court granted habeas relief on Rich's ineffective-assistance claim based on his counsel's failure to investigate the eligibility of his prior convictions for enhancement purposes. *Id*. at 510-11. Rich's sentence was illegal because the prior conviction that the State used to enhance his punishment to the habitual-offender range was a misdemeanor, which did not support that type of enhancement. *Id*. at 511. Vacating his conviction, the Court explained that, "when a plea-bargain agreement calls for a sentence much greater than that authorized by law, we must allow the defendant to withdraw his plea because there is no way of knowing whether the State would have offered a plea bargain within the proper range of punishment that he deemed acceptable, or whether he would have decided to proceed to trial." *Id*. at 514.

*Rich* does not stand for the proposition that harm analysis is unnecessary in an illegal-sentence case, but rather supports the contrary position. Without labeling it a harm analysis, the Court specifically considered the absence of other convictions that could have been used to enhance *Rich*'s sentence. *Id*. at 510. It stated,

> [T]his Court entered an order requiring the trial court to determine whether there were any other prior felony convictions that could have been substituted for the misdemeanor that was improperly used for enhancement. The trial court filed Supplemental Findings of Fact and Conclusions of Law, finding

that neither of Applicant's other prior felony convictions could have been properly substituted for the prior felony conviction. The trial court concluded that Applicant's third-degree felony could have been enhanced to a second-degree felony, at most.

*Id*. at 510-11. Based on the absence of any prior convictions that would have supported Rich's enhanced sentence, the Court observed, "There is a great disparity between the sentence of 25 years for which Applicant pleaded guilty and the possible sentences within the proper range of punishment which he could have received, either by pleading guilty or going to trial." *Id*. at 514. This analysis is, functionally, a harm analysis: The Court examined the habeas record to determine whether Rich had other prior convictions that the State could have properly used to enhance his sentence or, stated differently, whether Rich was actually harmed by the erroneous enhancement. *See id*.[7]

We conclude that *Rich* stands for the propositions that, in general,

(1) an applicant is harmed by an illegal sentence when the appellate and habeas records show that he has no other conviction that could support the punishment range within which he was sentenced; and

(2) an applicant is not harmed by an illegal sentence when the appellate and habeas records show that there was another conviction that could properly support the punishment range within which he was sentenced.

*See id*. at 510-14. *Rich*, therefore, does not support applicant's position in these proceedings.

---

[7] The Court stated, in a footnote, that harm analysis was "unnecessary" in that case because it was "obvious that Applicant has suffered harm" since his sentence exceeded the statutory maximum. *Ex parte Rich*, 194 S.W.3d 508, 513 n.8 (Tex. Crim. App. 2006). That note, however, is inconsistent with the analysis in the body of the opinion, in which the Court considered whether "there were any other prior felony convictions that could have been substituted for the misdemeanor that was improperly used for enhancement." *Id.* at 510-11.

**B. Applicant Fails to Establish That He Was Harmed**

**1. Applicant's Actual Criminal History Supports His Sentence**

The habeas record reveals that applicant's sentence was within a punishment range supported by his actual criminal history, admonishments, and plea bargain. He was properly admonished that a third-degree felony becomes punished as a second-degree felony when a defendant has been previously convicted of a felony that is third-degree or higher. *See* former TEX. PENAL CODE 12.42(a)(3) (West 2009); *Campbell*, 49 S.W.3d at 878. He pled true to a punishment-enhancement paragraph that the parties agreed would enhance his punishment to a second-degree felony. And he entered into a plea bargain with an agreed sentence of 15 years in prison, which was a term within the punishment range of which he was admonished. The State has introduced evidence in the habeas record of alternative, prior felony convictions, which the habeas judge, who was also the trial judge, has found could properly have been used to enhance applicant's punishment.

Importantly, applicant has presented no evidence revealing any legal impediment to the use of his prior felony convictions for enhancement purposes. The trial and habeas records show that he was actually sentenced within a more lenient punishment range than the maximum range supported by his criminal history. *See* TEX. PENAL CODE § 12.42(d) (permitting, on trial of third-degree-felony offense, enhancement of punishment range to 25 to 99 years' confinement upon showing of two final, sequential felony convictions); *Williams*, 65 S.W.3d at 658 (noting that illegality of Williams's probation "did not contribute

to his conviction or punishment. Rather, it did just the opposite—detracted from his punishment by allowing him a suspended sentence when he was not entitled to one."). Applicant entered into a plea-bargain agreement with the State to receive the sentence that he did receive, with the understanding that a prior criminal conviction was the basis of his enhanced punishment range. And he was properly admonished to the range of punishment supported by his criminal history. Because the entirety of the record supports a second-degree punishment, applicant has not shown that he was harmed by the error.

**2. Lack of Notice Does Not Constitute Proof of Harm**

Applicant suggests that he has suffered harm because he was denied timely notice of the State's intent to use those alternative prior convictions for enhancement purposes. In the context of direct appeal, lack of notice may result in harm, but lack of notice is not, in and of itself, harm. *See Geter v. State*, 779 S.W.2d 403, 407 (Tex. Crim. App. 1989) (explaining that lack of requisite notice does not result in automatic reversal of conviction, but is subject to harm analysis). Rather, on direct appeal, a reviewing court must determine whether inadequate notice "had an impact on the defendant's ability to prepare a defense and, if so, how great an impact it was." *Id*.

This Court's view regarding the type and degree of notice to which a defendant is entitled has changed considerably over the last several decades. Forty years ago, this Court required the State to allege every conviction that it intended to use for enhancement purposes in the indictment or else forgo use of those convictions for enhancement purposes. *See White*

*v. State*, 500 S.W.2d 529, 530 (Tex. Crim. App. 1973) ("[O]nly the convictions alleged in the indictment were available to the State for enhancement"). In light of this requirement, this Court held that a defendant was harmed when his enhanced punishment was premised on an invalid prior conviction even when the record revealed another prior conviction not alleged in the indictment that could have properly been used to enhance. *See Ex parte Hall*, 546 S.W.2d 303, 305 (Tex. Crim. App. 1977); *Scott v. State*, 553 S.W.2d 361, 364 (Tex. Crim. App. 1977).

But times have changed. This Court no longer requires that notice be provided by allegations in a charging instrument, nor does it require that it be given prior to trial. *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) ("[P]rior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment."); *Pelache v. State*, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). In a direct-appeal context, this Court has held that a defendant's federal constitutional due-process rights are not violated by post-guilt, pre-punishment-phase notice of the State's intent to enhance his punishment with a prior conviction. *Pelache*, 324 S.W.3d at 577. Even when a defendant receives notice after he has been convicted, his due-process rights are not violated as long as notice is sufficient to enable him "to prepare a defense to them," and he is afforded an opportunity to be heard. *Id*. ("In determining whether appellant received sufficient notice of

the State's intent to enhance punishment, we look to the record to identify whether appellant's defense was impaired by the timing of the State's notice.").[8]

At this stage of the post-conviction habeas proceedings, applicant has received notice of the prior convictions that support the punishment range within which he was sentenced, and he may no longer assert a trial-error complaint premised on inadequate notice.[9] The State's response to his application provided him notice of the State's intent to support the propriety of his sentence with his other prior convictions.[10] Not only has he received adequate notice of his convictions that support the punishment range within which he was

---

[8] See also *Oyler v. Boles*, 368 U.S. 448, 452 (1962) ("[A] defendant must receive reasonable notice and an opportunity to be heard relative to the recidivist charge even if due process does not require that notice be given prior to the trial on the substantive offense"); *Villescas v. State*, 189 S.W.3d 290, 294-95 (Tex. Crim. App. 2006) (defendant given sufficient notice because, "[l]ike the defendants in *Oyler*, appellant in this case had no defense to the enhancement allegation—he stipulated to the prior conviction.").

[9] An inadequate-notice complaint is forfeited if not preserved at trial. *See Fisher v. State*, 887 S.W.2d 49, 55-56 (Tex. Crim. App. 1994) (substantive pleading defects subject to procedural default); *Ex parte Patterson*, 969 S.W.2d 16, 20 (Tex. Crim. App. 1998) ("Applicant's failure to object to the error in the enhancement portion of the indictment [that rendered the indictment voidable] waived the error by procedural default.").

[10] The State's response to the application provides,

[T]he applicant has several prior felony convictions that could have been substituted in the improper enhancement's place. Specifically, the applicant has been previously convicted of the offense of aggravated robbery out of the 178th District Court of Harris County, Texas, in cause number 344734 on November 12, 1982 . . . . The applicant has also been previously convicted of the felony offense of theft by receiving out of the 178th District Court of Harris County, Texas, in cause number 417926 on June 14, 1985. . . . Furthermore, the applicant was convicted of the felony offense of arson out of the 284th District Court of Montgomery County, Texas, in cause number 95-05-00693-CR . . . . Any of the three aforementioned convictions could have been substituted for the improper enhancement and the applicant's sentence of fifteen years would not be illegal.

sentenced, applicant has had the opportunity in these proceedings to dispute that those prior convictions support the trial court's judgment. Applicant could have challenged the validity of those convictions and requested an evidentiary hearing to enable the trial court to resolve any factual dispute, but he has not. The habeas record, therefore, reveals multiple, alternative, prior convictions that support his enhanced sentence, as the trial court stated in its findings of fact and conclusions of law.

Applicant has failed to contest the State's evidence that establishes that his actual criminal history supports the range of punishment within which he sentenced and properly admonished. Granting applicant relief would serve only to provide him an additional opportunity to contest prior convictions that the trial court, in these proceedings, has already determined are valid. Granting relief to a defendant who is only fictionally harmed is contrary to the type of relief for which the great writ, an extraordinary remedy, was intended. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) ("Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law."). Although he has demonstrated a cognizable error, applicant has failed to establish that he was harmed by that error because his sentence is in accordance with his criminal history, admonishments, and plea-bargain agreement. *See Tovar*, 901 S.W.2d at 486.[11]

---

[11]     This opinion is limited to post-conviction habeas claims challenging the legality of a sentence. Proof of other convictions in a habeas record that could support an erroneous punishment range may not necessarily preclude relief on a different habeas claim.

### III. Conclusion

Applicant has failed to meet his burden to show that he was actually harmed by the erroneous enhancement. We deny relief.

Delivered: January 9, 2013

Publish