IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,647






EX PARTE JIMMIE MARK PARROTT, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 1227343-B IN THE 230TH DISTRICT COURT

HARRIS COUNTY





 Alcala, J., delivered the opinion of the Court in which Keller, P.J., and Price,
Womack, Johnson, and Cochran, JJ., joined. Meyers, J., filed a dissenting opinion.
Hervey, J., filed a dissenting opinion in which Keasler, J., joined.


O P I N I O N 



 In this case, we decide that an applicant must prove harm to obtain relief in a writ of
habeas corpus premised on an illegal-sentence claim. Here, Jimmie Mark Parrott, applicant,
raises an illegal-sentence claim based on the State's improper use of a prior conviction for
enhancement purposes. We deny relief because the habeas record establishes that applicant
was previously convicted of other offenses that support the punishment range within which
he was admonished and sentenced; therefore, he has failed to demonstrate harm.

I. Background

 At his plea hearing, applicant was admonished that the single enhancement allegation
in the indictment increased the punishment range of his third-degree-felony offense--2 to
10 years' imprisonment--to that of a second-degree felony--2 to 20 years' imprisonment.
See Tex. Penal Code §§ 12.33(a), 12.34(a), 31.03(e)(5). He pleaded guilty to the offense
and true to the enhancement allegation. In accordance with his plea-bargain agreement with
the State, the trial court found him guilty and the enhancement true and sentenced him to 15
years' imprisonment. 

 After his appeal was dismissed, (1) applicant filed this application for a writ of habeas
corpus. Among his complaints, he challenges the legality of his sentence on the basis that
the enhancement paragraph alleged a prior conviction for a state-jail felony, which the State
could not properly use to enhance the punishment range of his third-degree-felony offense.
See former Tex. Penal Code § 12.42(a)(3) (West 2009) (permitting punishment of third-degree felony as second-degree felony if "defendant has once before been convicted of a
felony"); see also Campbell v. State, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (explaining
that state-jail felony could not enhance first-, second-, or third-degree felony because, "as
used in subsection 12.42(a), the terms 'felony' and 'state jail felony' are mutually
exclusive"). (2) He contends that his 15-year sentence, therefore, exceeds the 10-year
maximum authorized for third-degree-felony convictions. See Tex. Penal Code § 12.34(a).

 In response, the State does not dispute that it improperly used the prior state-jail
felony to enhance applicant's punishment. (3) It only challenges his failure to prove harm. The
State's habeas evidence establishes that applicant had been previously convicted of three
felonies, each of which could have properly been used to enhance the punishment range of
his third-degree-felony offense to at least that of a second-degree felony. (4) See former Tex.
Penal Code § 12.42(a)(3), (d) (West 2009). Applicant does not contest that evidence. 

 The trial court entered findings of fact and conclusions of law recommending that this
Court deny relief. The trial court concluded that applicant's sentence was authorized by law
because his "sentence is within the range of punishment as he has previous convictions that
could take the place of the invalid enhancement." (5) 

II. Applicant Has Not Established Harm from the 

Erroneous Enhancement Allegation


 A. Law Applicable to Illegal-Sentence Claims

 A claim of an illegal sentence is cognizable in a writ of habeas corpus. Ex parte Rich,
194 S.W.3d 508, 511 (Tex. Crim. App. 2006). An illegal sentence is one that is not
authorized by law; therefore, a sentence that is outside the range of punishment authorized
by law is considered illegal. Mizell v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003);
Ex parte Beck, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996). 

 The parties dispute whether a habeas applicant must demonstrate harm in an illegal-sentence case. The general rule is clear, however, that an applicant must show harm to obtain
habeas relief: "[A] post-conviction habeas corpus application must allege facts which show
both a cognizable irregularity and harm." Ex parte Tovar, 901 S.W.2d 484, 486 (Tex. Crim.
App. 1995). An applicant demonstrates harm with proof "by a preponderance of the
evidence that the error contributed to his conviction or punishment." Ex parte Williams, 65
S.W.3d 656, 658 (Tex. Crim. App. 2001). 

 Proof of harm may be developed through evidence beyond the appellate record. The
introduction of new evidence is a key distinguishing feature of habeas corpus. See Rouse v.
State, 300 S.W.3d 754, 762 n.17 (Tex. Crim. App. 2009). It affords the parties the
opportunity to support a claim "'by information from sources broader than the appellate
record.'" Id. (quoting Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001)). (6) It also
affords the habeas judge, and ultimately this Court, an opportunity to evaluate that evidence. 
While this post-conviction evidentiary mechanism frequently benefits defendants by enabling
them to introduce new evidence favorable to them, it may also subject them to the
introduction of unfavorable evidence. Compare Ex parte Henderson, __ S.W.3d__, No.
AP-76,925, 2012 Tex. Crim. App. LEXIS 1605, *1-3 (Tex. Crim. App. Dec. 5, 2012) (not
yet reported) (Henderson's habeas evidence cast sufficient doubt on reliability of conviction
so as to warrant relief), with Ex parte Nycum, 614 S.W.2d 140, 141 (Tex. Crim. App. 1981)
(in response to Nycum's habeas claim that trial court abused its discretion in denying bail,
State introduced evidence of his 16 prior felony convictions, and relief was denied). Here,
the State introduced evidence during the habeas proceedings demonstrating that applicant,
a three-time felon, was not harmed by the error, evidence that applicant does not contest and
that the habeas court has found reliable.

 Citing Ex parte Rich, applicant argues that, in an illegal-sentence case, a habeas
applicant need not show harm. 194 S.W.3d at 510-12. In Rich, this Court granted habeas
relief on Rich's ineffective-assistance claim based on his counsel's failure to investigate the
eligibility of his prior convictions for enhancement purposes. Id. at 510-11. Rich's sentence
was illegal because the prior conviction that the State used to enhance his punishment to the
habitual-offender range was a misdemeanor, which did not support that type of enhancement.
Id. at 511. Vacating his conviction, the Court explained that, "when a plea-bargain agreement
calls for a sentence much greater than that authorized by law, we must allow the defendant
to withdraw his plea because there is no way of knowing whether the State would have
offered a plea bargain within the proper range of punishment that he deemed acceptable, or
whether he would have decided to proceed to trial." Id. at 514.

 Rich does not stand for the proposition that harm analysis is unnecessary in an illegal-sentence case, but rather supports the contrary position. Without labeling it a harm analysis,
the Court specifically considered the absence of other convictions that could have been used
to enhance Rich's sentence. Id. at 510. It stated,

 [T]his Court entered an order requiring the trial court to determine whether
there were any other prior felony convictions that could have been substituted
for the misdemeanor that was improperly used for enhancement. The trial
court filed Supplemental Findings of Fact and Conclusions of Law, finding
that neither of Applicant's other prior felony convictions could have been
properly substituted for the prior felony conviction. The trial court concluded
that Applicant's third-degree felony could have been enhanced to a second-degree felony, at most. 

Id. at 510-11. Based on the absence of any prior convictions that would have supported
Rich's enhanced sentence, the Court observed, "There is a great disparity between the
sentence of 25 years for which Applicant pleaded guilty and the possible sentences within
the proper range of punishment which he could have received, either by pleading guilty or
going to trial." Id. at 514. This analysis is, functionally, a harm analysis: The Court
examined the habeas record to determine whether Rich had other prior convictions that the
State could have properly used to enhance his sentence or, stated differently, whether Rich
was actually harmed by the erroneous enhancement. See id. (7)

 We conclude that Rich stands for the propositions that, in general, 

 (1) an applicant is harmed by an illegal sentence when the appellate and
habeas records show that he has no other conviction that could support
the punishment range within which he was sentenced; and

 

 (2) an applicant is not harmed by an illegal sentence when the appellate and
habeas records show that there was another conviction that could
properly support the punishment range within which he was sentenced. 


See id. at 510-14. Rich, therefore, does not support applicant's position in these proceedings.

 B. Applicant Fails to Establish That He Was Harmed 

 1. Applicant's Actual Criminal History Supports His Sentence

 The habeas record reveals that applicant's sentence was within a punishment range
supported by his actual criminal history, admonishments, and plea bargain. He was properly
admonished that a third-degree felony becomes punished as a second-degree felony when a
defendant has been previously convicted of a felony that is third-degree or higher. See former
Tex. Penal Code 12.42(a)(3) (West 2009); Campbell, 49 S.W.3d at 878. He pled true to a
punishment-enhancement paragraph that the parties agreed would enhance his punishment
to a second-degree felony. And he entered into a plea bargain with an agreed sentence of 15
years in prison, which was a term within the punishment range of which he was admonished.
The State has introduced evidence in the habeas record of alternative, prior felony
convictions, which the habeas judge, who was also the trial judge, has found could properly
have been used to enhance applicant's punishment. 

 Importantly, applicant has presented no evidence revealing any legal impediment to
the use of his prior felony convictions for enhancement purposes. The trial and habeas
records show that he was actually sentenced within a more lenient punishment range than the
maximum range supported by his criminal history. See Tex. Penal Code § 12.42(d)
(permitting, on trial of third-degree-felony offense, enhancement of punishment range to 25
to 99 years' confinement upon showing of two final, sequential felony convictions);
Williams, 65 S.W.3d at 658 (noting that illegality of Williams's probation "did not contribute
to his conviction or punishment. Rather, it did just the opposite--detracted from his
punishment by allowing him a suspended sentence when he was not entitled to one.").
Applicant entered into a plea-bargain agreement with the State to receive the sentence that
he did receive, with the understanding that a prior criminal conviction was the basis of his
enhanced punishment range. And he was properly admonished to the range of punishment
supported by his criminal history. Because the entirety of the record supports a second-degree punishment, applicant has not shown that he was harmed by the error.

 2. Lack of Notice Does Not Constitute Proof of Harm 

 Applicant suggests that he has suffered harm because he was denied timely notice of
the State's intent to use those alternative prior convictions for enhancement purposes. In the
context of direct appeal, lack of notice may result in harm, but lack of notice is not, in and
of itself, harm. See Geter v. State, 779 S.W.2d 403, 407 (Tex. Crim. App. 1989) (explaining
that lack of requisite notice does not result in automatic reversal of conviction, but is subject
to harm analysis). Rather, on direct appeal, a reviewing court must determine whether
inadequate notice "had an impact on the defendant's ability to prepare a defense and, if so,
how great an impact it was." Id. 

 This Court's view regarding the type and degree of notice to which a defendant is
entitled has changed considerably over the last several decades. Forty years ago, this Court
required the State to allege every conviction that it intended to use for enhancement purposes
in the indictment or else forgo use of those convictions for enhancement purposes. See White
v. State, 500 S.W.2d 529, 530 (Tex. Crim. App. 1973) ("[O]nly the convictions alleged in the
indictment were available to the State for enhancement"). In light of this requirement, this
Court held that a defendant was harmed when his enhanced punishment was premised on an
invalid prior conviction even when the record revealed another prior conviction not alleged
in the indictment that could have properly been used to enhance. See Ex parte Hall, 546
S.W.2d 303, 305 (Tex. Crim. App. 1977); Scott v. State, 553 S.W.2d 361, 364 (Tex. Crim.
App. 1977).

 But times have changed. This Court no longer requires that notice be provided by
allegations in a charging instrument, nor does it require that it be given prior to trial. See
Brooks v. State, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) ("[P]rior convictions used as
enhancements must be pled in some form, but they need not be pled in the indictment.");
Pelache v. State, 324 S.W.3d 568, 577 (Tex. Crim. App. 2010). In a direct-appeal context,
this Court has held that a defendant's federal constitutional due-process rights are not
violated by post-guilt, pre-punishment-phase notice of the State's intent to enhance his
punishment with a prior conviction. Pelache, 324 S.W.3d at 577. Even when a defendant
receives notice after he has been convicted, his due-process rights are not violated as long
as notice is sufficient to enable him "to prepare a defense to them," and he is afforded an
opportunity to be heard. Id. ("In determining whether appellant received sufficient notice of
the State's intent to enhance punishment, we look to the record to identify whether
appellant's defense was impaired by the timing of the State's notice."). (8)

 At this stage of the post-conviction habeas proceedings, applicant has received notice
of the prior convictions that support the punishment range within which he was sentenced,
and he may no longer assert a trial-error complaint premised on inadequate notice. (9) The
State's response to his application provided him notice of the State's intent to support the
propriety of his sentence with his other prior convictions. (10) Not only has he received
adequate notice of his convictions that support the punishment range within which he was
sentenced, applicant has had the opportunity in these proceedings to dispute that those prior
convictions support the trial court's judgment. Applicant could have challenged the validity
of those convictions and requested an evidentiary hearing to enable the trial court to resolve
any factual dispute, but he has not. The habeas record, therefore, reveals multiple,
alternative, prior convictions that support his enhanced sentence, as the trial court stated in
its findings of fact and conclusions of law. 

 Applicant has failed to contest the State's evidence that establishes that his actual
criminal history supports the range of punishment within which he sentenced and properly
admonished. Granting applicant relief would serve only to provide him an additional
opportunity to contest prior convictions that the trial court, in these proceedings, has already
determined are valid. Granting relief to a defendant who is only fictionally harmed is contrary
to the type of relief for which the great writ, an extraordinary remedy, was intended. Ex
parte Cruzata, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) ("Habeas corpus is an
extraordinary remedy and is available only when there is no other adequate remedy at law.").
Although he has demonstrated a cognizable error, applicant has failed to establish that he was
harmed by that error because his sentence is in accordance with his criminal history,
admonishments, and plea-bargain agreement. See Tovar, 901 S.W.2d at 486. (11) 

III. Conclusion

 Applicant has failed to meet his burden to show that he was actually harmed by the
erroneous enhancement. We deny relief.


Delivered: January 9, 2013 

Publish
1. Applicant waived his appeal pursuant to the plea bargain, and the court of appeals, therefore,
dismissed his appeal. See Parrot v. State, No. 14-10-00160-CR, 2010 Tex. App. LEXIS 2363 (Tex.
App.--Houston [14th Dist.] Apr. 1, 2010, no pet.) (mem. op., not designated for publication) (citing
Tex. R. App. P. 25.2(a)(2)).
2. 
[2] Former Texas Penal Code Section 12.42(a)(3) is the statute applicable to our analysis of this
case. See former Tex. Penal Code § 12.42(a)(3) (West 2009). That statute has since been amended
to explicitly permit punishment of a third-degree felony as a second-degree felony if "the defendant
has previously been finally convicted of a felony other than a state jail felony . . . ." Tex. Penal
Code § 12.42(a), amended by Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 7 (H.B. 3384),
effective September 1, 2011 (amendments apply only to an offense committed after effective date).
3. We do not reach the State's alternative argument that applicant is estopped from raising an
illegal-sentence claim. 
4. 
[4] These prior felony convictions included convictions for aggravated robbery, theft by
receiving, and arson, all of which are third- or second-degree felonies. 
5. The application also raised a claim of ineffective assistance of counsel, but this Court did not
file and set that claim. Applicant suggests that his attorney performed deficiently by advising him
to plead true to an enhancement paragraph that could not properly be used to enhance his punishment
for this offense. The record does not support that claim. Applicant's criminal history shows that he
is a habitual offender potentially subject to a statutory minimum sentence of 25 years in prison. See
Tex. Penal Code § 12.42(d). Counsel secured him a 15-year sentence, which was 10 years below
the potential minimum range. Had counsel challenged the enhancement paragraph because it alleged
a state-jail felony rather than a higher-grade felony, this might have prompted the State to use
applicant's other prior felony convictions, thereby subjecting him to a substantially higher
punishment range. Applicant's pleas of guilty and true enabled him to receive the lesser punishment
to which he agreed in his plea bargain. Because this pleading error may well have benefitted him,
applicant cannot show that he received ineffective assistance of counsel.
6. 
[6] Applicant cites to many direct-appeal cases that hold that sufficiency error is not subject to
harm analysis. See, e.g., Jordan v. State, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008); Fletcher v.
State, 214 S.W.3d 5, 8-9 (Tex. Crim. App. 2007); Russell v. State, 790 S.W.2d 655, 656 (Tex. Crim.
App. 1990); Scott v. State, 553 S.W.2d 361, 364 (Tex. Crim. App. 1977). Those cases, however, are
inapplicable because of three procedural differences between direct appeals and habeas corpus. First,
on direct appeal, neither party has the burden to prove harm, but in habeas proceedings, a defendant
has the burden to demonstrate harm. See Ovalle v. State, 13 S.W.3d 774, 787 (Tex. Crim. App.
2000). Second, habeas is an extraordinary remedy premised on equity and not on error correction as
is the focus of direct appeal. See Blanton v. State, 369 S.W.3d 894, 903 (Tex. Crim. App. 2012).
Third, in determining whether relief is warranted in habeas proceedings, the court reviews not only
evidence contained in the appellate record, but also evidence beyond that record. See Rouse v. State,
300 S.W.3d 754, 762 n.17 (Tex. Crim. App. 2009).
7. The Court stated, in a footnote, that harm analysis was "unnecessary" in that case because
it was "obvious that Applicant has suffered harm" since his sentence exceeded the statutory
maximum. Ex parte Rich, 194 S.W.3d 508, 513 n.8 (Tex. Crim. App. 2006). That note, however,
is inconsistent with the analysis in the body of the opinion, in which the Court considered whether
"there were any other prior felony convictions that could have been substituted for the misdemeanor
that was improperly used for enhancement." Id. at 510-11.
8. 
[8] See also Oyler v. Boles, 368 U.S. 448, 452 (1962) ("[A] defendant must receive reasonable
notice and an opportunity to be heard relative to the recidivist charge even if due process does not
require that notice be given prior to the trial on the substantive offense"); Villescas v. State, 189
S.W.3d 290, 294-95 (Tex. Crim. App. 2006) (defendant given sufficient notice because, "[l]ike the
defendants in Oyler, appellant in this case had no defense to the enhancement allegation--he
stipulated to the prior conviction.").
9. An inadequate-notice complaint is forfeited if not preserved at trial. See Fisher v. State, 887
S.W.2d 49, 55-56 (Tex. Crim. App. 1994) (substantive pleading defects subject to procedural
default); Ex parte Patterson, 969 S.W.2d 16, 20 (Tex. Crim. App. 1998) ("Applicant's failure to
object to the error in the enhancement portion of the indictment [that rendered the indictment
voidable] waived the error by procedural default.").
10. [10] The State's response to the application provides, 

[T]he applicant has several prior felony convictions that could have been substituted
in the improper enhancement's place. Specifically, the applicant has been previously
convicted of the offense of aggravated robbery out of the 178th District Court of
Harris County, Texas, in cause number 344734 on November 12, 1982 . . . . The
applicant has also been previously convicted of the felony offense of theft by
receiving out of the 178th District Court of Harris County, Texas, in cause number
417926 on June 14, 1985. . . . Furthermore, the applicant was convicted of the felony
offense of arson out of the 284th District Court of Montgomery County, Texas, in
cause number 95-05-00693-CR . . . . Any of the three aforementioned convictions
could have been substituted for the improper enhancement and the applicant's
sentence of fifteen years would not be illegal.
11. This opinion is limited to post-conviction habeas claims challenging the legality of a
sentence. Proof of other convictions in a habeas record that could support an erroneous punishment
range may not necessarily preclude relief on a different habeas claim.